**UNITED STATES, Appellee,**

v.

**Second Lieutenant Gregory K. ROYAL, SSN 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, United States Army, Appellant.**

**CM 442934.**

U.S. Army Court of Military Review.

31 Oct. 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Patrick F. Crow, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for the appellant.

Colonel James Kucera, JAGC, Major Thomas M. Curtis, JAGC, Captain David A. Brown, JAGC, Captain Nancy D. Glazier, JAGC, and Captain Samuel J. Rob, JAGC, were on the pleadings for the appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

YAWN, Judge:

Appellant was convicted of conduct unbecoming an officer by wrongfully possessing marijuana, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. His sentence to a reprimand, total forfeitures, and dismissal from the service was approved by the convening authority.

On 5 May 1982 the charges against appellant were properly referred to a general court-martial convened by Court-Martial Convening Order Number 51, which contained a list of the names of ten members headed by a Colonel Stubbs [hereafter referred to as the "Stubbs panel"]. Sometime between then and the first day of the trial, 13 July 1982, the staff judge advocate, in an undated supplemental advice, recommended to the convening authority that he appoint new court members to hear appellant's case since the "Stubbs panel" had been originally selected on 1 February 1982 to serve for only a three to four month period. The convening authority approved this recommendation and signed an undated document containing the following language: "The Colonel CROSS panel is detailed to hear the Royal case, vice the Colonel Stubbs court." Attached to this was a list of names which comprised the "Cross panel." Unfortunately, no new convening order was published memorializing this change until after the appellant's trial.[1] The trial began with the

---

1. The change in court members was not offi-  cially recorded on a written court-martial con-

trial counsel, the defense counsel, and the military judge apparently under the impression that the "Stubbs panel" still comprised the membership of the court, as revealed by the following discussion between them at the initial Article 39(a)[2] session:

TC: The court is convened by Court-Martial Convening Order Number 51, a copy of which has been furnished the military judge, counsel and the accused, and to the reporter for insertion at this point in the record.

The charges have been properly referred to this court for trial and were caused to be served on the accused by myself on 5 May 1982.

MJ: Hold up right there, counsel. I don't have a copy of Convening Order Number 51.

DC: We have a previous copy of it but there wasn't one on the table this morning.

(Copies of the convening order were furnished to the military judge and the defense counsel.)

Shortly thereafter, the military judge was presented with appellant's written request to be tried by military judge alone who, after properly questioning appellant and explaining the implications involved, approved it. The trial then proceeded to its conclusion with the court consisting of only the military judge.

The trial defense counsel did not learn of the change in membership of the court until nearly one month after trial. In his rebuttal to the post-trial review, the trial defense counsel complained that the Government had materially misled the defense, and that "the defense chose to be tried by judge alone based on a panel the government knew had been viced." Appellant now claims prejudicial error "by the secret and unannounced change of court-martial personnel," contending that his request for trial by military judge alone was not made knowingly and understandingly. He argues that the election of trial by judge alone cannot be properly made if the identities of the court members, whose presence is being waived, is unknown. The Government argues that there is no requirement that an accused be provided the names of court members prior to an accused's election of the forum by which he is to be tried, and that the record of trial reveals a knowing, voluntary and intelligent request. We hold that, under the facts of this case, prejudicial error was committed when the appellant was not advised before trial that the entire membership of the court had been changed.

Congress has mandated that an accused know the identity of the military judge before electing to be tried by him alone. Article 16(1)(B), Uniform Code of Military Justice, 10 U.S.C. § 816(1)(B). There is no comparable provision in the Code regarding an accused's knowledge of the identities of the members; however, as a practical matter, an accused knows or has the opportunity to learn the identity of the members of his court-martial before trial. The detail of court members to a court-martial is announced by a convening order. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 36*b*; Army Regulation 27–10, *Legal Services—Military Justice,* paragraph 12–1*a* (Change 3, 1 August 1969).[3] Changes in the composition of a court-martial are usually accomplished by amending the original order. Manual for Courts-Martial, *supra,* paragraph 37*c*. Provision for the defense counsel to receive copies of such orders is found in paragraph 44*h* of the Manual and paragraph 12–5*a,* Army Regulation 27–10, *supra* (Change 16,

---

vening order until 25 August 1982, more than one month after trial, when Court-Martial Convening Order Number 85 was published substituting the "Cross panel" for the "Stubbs panel" for the trial of appellant only.

**2.** Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

**3.** Superceded without substantial change by Army Regulation 27–10, *Legal Services—Mili-*

4 November 1975).[4] Additionally, at trial, the trial counsel must announce by what order the court is convened and if there are any amendments. Manual for Courts-Martial, *supra,* paragraph 61*c.* To suggest, as the Government does, that all of this can occur and the defense not have a right to know the identity of the court members defies logic.

Although we have found no cases directly on point affirming such a right, it is touched upon in *United States v. Credit,* 2 M.J. 631 (A.F.C.M.R.1976), *rev'd on other grounds,* 4 M.J. 118 (C.M.A.1977), and *United States v. Perry,* 47 C.M.R. 89 (A.C.M.R. 1973), cases in which the accused claimed error because he was denied access to personnel records of court members. Error was not found in either case since the accused obtained the information he sought through extensive use of *voir dire,* and other discovery tools. But both decisions assumed that the accused would know the identity of the members prior to trial. As the court in *United States v. Perry, supra,* noted,

> Knowledge by a defendant of the identity of prospective jurors prior to trial is generally recognized as both desirable and proper. By statute, in most civilian jurisdictions, an accused is entitled to a list of summoned jurors not less than a designated number of days prior to trial.

*Id.* at 91–92; *see also United States v. Credit,* 2 M.J. at 640.

■ We recognize that the convening authority has wide discretion in making changes in the composition of a court-martial prior to assembly and may do so for good cause even after assembly. Manual for Courts-Martial, *supra,* paragraph 37*a* and *b.* Nevertheless, we believe that the proper exercise of that discretion dictates that, when an entirely new panel is substituted for that previously announced, the defense should be notified so they may properly prepare for trial.

■ It has been suggested that the only use counsel may have of knowing the identity of and obtaining information about court members is to aid in *voir dire* and prepare for challenges. *United States v. Credit,* 2 M.J. at 640. We decline to hold that this is the limit of counsel's use of such information. Moreover, we deem it proper and appropriate for the defense to have the opportunity to consider the proclivities and temperaments of court members in determining whether to waive the right to be tried by those members. In the instant case, appellant was deprived of this chance. We will not speculate whether his decision regarding trial by military judge alone would have been different had he been advised of the change in membership.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge MOUNTS and Judge WERNER concur.

**4.** Superceded without substantial change by Army Regulation 27–10, *Legal Services—Military Justice* paragraph 12–5*a* (1 September 1982).