UNITED STATES, Appellee,

v.

**Specialist Four Richard E. STEVEN-SON, Jr., 222–50–5770, United States Army, Appellant.**

**CM 444497.**

U.S. Army Court of Military Review.

13 Dec. 1984.

Captain Gunther O. Carrle, JAGC, argued the cause for appellant. With him on the brief were Lieutenant Colonel William P. Heaston, JAGC, and Major Edwin D. Selby, JAGC, and Captain Audrey H. Liebross, JAGC.

Captain Kurt J. Fischer, JAGC, argued the cause for appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before McKAY, WATKINS, and LYM-BURNER, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Senior Judge:

This case has been referred to the Court by The Judge Advocate General, pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869 (1982) [hereinafter cited as UCMJ], for review by the Court pursuant to Article 66, UCMJ. Contrary to his pleas, the appellant, Specialist Stevenson, was convicted by a general court-martial of two specifications each of wrongful possession of marijuana with intent to distribute and wrongful distribution of marijuana.[1] The convening authority approved and ordered executed the sentence to forfeit $50.00 pay per month for six months, to be reduced to the grade of Private E–1, and to be confined at hard labor for six months. The issue that concerns the Court in this appeal is whether the military judge erroneously denied the appellant a peremptory challenge to which he was entitled. We answer in the affirmative and reverse.

■ The significant events influencing this appeal began at an Article 39(a), UCMJ, pretrial session on 25 May 1983, when successful challenges for cause of court members by both the defense and prosecution reduced the number of members below that required for a quorum.[2] Neither side, however, exercised its peremptory challenge[3] when offered the opportunity before adjournment of that pretrial session. The proceedings reconvened on 31 May 1983 after additional members were detailed by the convening authority. At that session the appellant's defense counsel attempted to challenge peremptorily a Major Eyster, one of the original court members. The trial counsel objected to the challenge contending that the appellant had waived the right to a peremptory challenge against those members present at the 25 May session. The military judge agreed with the trial counsel's position and ruled that the appellant could exercise his peremptory challenge only against one of the new members detailed after the 25 May session. The appellant then peremptorily challenged one of the newly detailed members, a Captain Schmidt.

It is not clear in the record of trial exactly upon what basis the military judge made his determination that the appellant had waived his right to challenge peremptorily one of the original members. The record merely shows that when asked on 25 May whether he "had a peremptory challenge", the appellant's defense counsel gave a negative response with no other comment. This occurred at a time when counsel for both sides and the military judge knew the proceedings would adjourn so that additional members to make a quorum could be detailed. During discussion of the attempted challenge of Major Eyster at the 31 May session, the defense counsel advised the military judge that he had not previously exercised his peremptory challenge because before doing so he wanted to consider the entire panel, including the newly detailed members. Afterwards, and with no further explanation for his ruling, the military judge expressed his dissatisfaction with the defense counsel for failing to "ask for an exception to the normal and ordinary procedure" and denied the challenge of Major Eyster. Under these circumstances we find the military judge's denial of the challenge to be arbitrary and hold it to be an abuse of his discretion.

■ "The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court's control." *Swain v. Alabama*, 380

---

1. In violation of Article 134, UCMJ.

2. Article 29(b), UCMJ, provides that when a general court-martial is reduced below five members, the trial may not proceed unless the convening authority details additional members so as to ensure the presence of at least five.

3. Each side is entitled to one peremptory challenge at a general court-martial. Article 41(b), UCMJ.

U.S. 202, 220, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965). In a trial by court-martial both the government and the accused are allowed only one peremptory challenge each. *United States v. Holley*, 17 M.J. 361 (C.M. A.1984); Article 41(b), UCMJ. The accused's right to exercise this peremptory challenge is an important codal right, *United States v. Harris*, 13 M.J. 288, 292 (C.M. A.1982); *United States v. Hayden*, 17 M.J. 749, 751 (A.C.M.R.1984), the purpose of which is to ensure that the members who try the case will decide it impartially. *Swain v. Alabama*, 380 U.S. at 219, 85 S.Ct. at 835. Because of the importance obviously attached by appellate courts to the free exercise of the peremptory challenge, a military judge must carefully consider any ruling that may restrict the exercise of that challenge.

■ Procedural guidance for the exercise of peremptory challenges at the time of the appellant's trial was contained in paragraph 62e, Manual for Courts-Martial, United States, 1969 (Revised edition). There it is stated that a peremptory challenge "may be used before, during, or after challenges for cause, or against a member unsuccessfully challenged for cause, or against a new member if not previously utilized in the trial." [4] As a general statement of law this provision entitles the use of an unexercised peremptory challenge against any newly detailed court member. There is nothing in it that supports the military judge's determination that "normal procedure" required either the exercise or waiver of the appellant's one peremptory challenge against any member at a particular time during the trial. Moreover, it appears to us that under the facts of this case simple fairness dictated that the military judge should have allowed both counsel the opportunity to delay the exercise of

their peremptory challenges until after the new members were detailed. That notwithstanding, nothing was to be gained by compelling the appellant to exercise his peremptory challenge at the 25 May session, or waive it with respect to the original members, except to force him to chose between peremptorily challenging Major Eyster and the opportunity to see and *voir dire* the new members before exercising his one peremptory challenge. This forced choice is not what was contemplated by the Manual for Courts-Martial and is contrary to the principle illustrated by the above quotation from the Supreme Court in *Swain v. Alabama.*

■ We do not question that the order and manner in which a peremptory challenge may be exercised is a matter within the discretion of the military judge. *See United States v. Fetch*, 17 C.M.R. 836 (A.F. B.R.1954). An examination of the reported military cases plainly shows why this authority is necessary. In *United States v. Noreen*, 48 C.M.R. 228 (A.C.M.R.1973), *aff'd*, 49 C.M.R. 1 (C.M.A.1974), this Court sustained a ruling that a previously unused peremptory challenge had been waived where the defense was more interested in reducing the members to a favorable number than insuring an impartial panel. In *United States v. Graham*, 14 C.M.R. 645 (A.F.B.R.1954), there was no error when the defense counsel was not allowed to exercise his unused peremptory challenge at the close of the defense case. In these cases the court used its discretion properly in denying utilization of previously unused peremptory challenges in order to prevent an accused from manipulating the proceedings in an attempt to gain an improper or disrupting advantage.[5] These examples, however, are markedly different from this case in which the military judge applied his

---

4. We note that the 1984 Manual for Courts-Martial provision (RCM 912(g)(2)), that has now superseded paragraph 62e, of the 1969 Manual, states: "nothing in this subsection shall bar the exercise of a previously unexercised peremptory challenge against a member newly detailed...."

5. We do not believe that the federal civilian cases on the use of discretion by a trial judge in the area of peremptory challenges that have been cited to us by the government are controlling or significantly applicable to courts-martial because of the large number of peremptory challenges given to both parties in civilian criminal jury trials.

discretionary authority to create an absolute requirement that the defense counsel exercise or waive his peremptory challenge at a specific point in the trial when everyone knew that new members would be detailed. This use of authority by the military judge was unreasonable and without justifiable cause and operated to deny the accused the opportunity to exercise his peremptory challenge in an informed and intelligent manner. It was an abuse of authority that constituted prejudicial error.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge WATKINS and Judge LYMBURNER concur.

