**UNITED STATES**

v.

**Bruce E. BEAULIEU, Boatswain's Mate Third Class, U.S. Coast Guard.**

**Docket No. 855**
**CGCMS 23705.**

U.S. Coast Guard Court of
Military Review.

17 Oct. 1985.

Military Judge: CDR William H. Norris, USCG.

Trial Counsel: LCDR James T. Ingham, USCG.

Defense Counsel: LT William B. O'Leary, USCGR.

Individual Civilian Counsel: Ned Lofton.

Appellate Defense Counsel: LT Keith M. Harrison, USCGR, LCDR Robert Bruce, USCG.

Appellate Government Counsel: LCDR Thomas J. Donlon, USCG.

### DECISION

BAUM, Chief Judge:

Appellant, who was tried by a special court-martial composed of the minimum three members required by the Uniform Code of Military Justice,[1] has asserted ten

---

1. Article 16, UCMJ, 10 U.S.C. § 816, indicates that special courts-martial shall consist of "not less than three members."

errors before this Court. Only the following two assignments relating to the appointment and ultimate seating of the court members need be discussed:

I PETTY OFFICER BEAULIEU'S CONVICTIONS SHOULD BE REVERSED BECAUSE AN ORAL MODIFICATION TO THE ORDER CONVENING THE COURT–MARTIAL HAS NOT BEEN REDUCED TO WRITING

II PETTY OFFICER BEAULIEU'S RIGHT TO EXERCISE A PEREMPTORY CHALLENGE WAS ILLEGALLY ABRIDGED AND THE UNITED STATES' RIGHT TO EXERCISE ITS PEREMPTORY CHALLENGE WAS UNJUSTLY ENHANCED

The factual basis for these assigned errors was developed at the stage of the trial when the court members were examined and challenges against them were exercised. During that process, two of the three officers originally appointed by the convening authority were successfully challenged by the defense, one for cause and one peremptorily. After the judge granted the defense counsel's challenge for cause of the senior member, the court dropped below the requisite quorum of three. The judge then asked the trial counsel, "has the convening authority made any indication to you as to substitute court members?" The trial counsel responded, "yes, your honor. The convening authority has authorized me orally to substitute Captain Parr for Captain Hoffer." The Court then recessed to obtain Captain Parr's presence for *voir dire* examination. When the Court reconvened after the recess, the defense counsel made the following statement:

ICC: I understand, Your Honor, that during recess a list of prospective court members, to which I had earlier inferred (sic) and to which I understood were the only prospective members [,] court members, has been added to—there has been information added to it. It's only the addition of names, I assume it is. I have asked the trial counsel what the additional information is and he has refused to disclose it to me. I would respectfully request the Court to direct the trial counsel to provide me with all of the names of the prospective court member[s]. The prosecutor has a peremptory challenge to the same extent that I do and how you exercise that peremptory challenge quite logically is determined in some measure by who the upcoming members are. I think it is unfair for the government to know that information and not for the defense.

Thereafter, the following interchange took place:

MJ: Yes. Mr Ingham I will ask the prelimary (sic) questions whether or not there is in fact an addition to the list of prospective members?

TC: Your Honor. My communication with the Convening Authority with regard to what he has orally advised me to do if certain events happen is predicated on those events happening first. I do have oral authorization to go beyond Captain Parr as far if there are additional challenges. I did not have that prior to our earlier part of the challenge. I know of no legal authority which compels me to reveal to the defense who is next in order and what oral authorizations are for me to explain in detail.

MJ: I wasn't asking for argument on the issue[.] I was asking whether or not such a list existed?

TC: Yes, Your Honor. I provided a copy of the list before the recess as it was before the recess to counsel previously. Since the recess I don't feel any obligation to communicate what discussion took place during the recess.

MJ: Right. I'm just trying to get on the record whether or not a list—there is a list on physical paper.

TC: Yes, Your Honor, there is and Mr. Lofton has a piece of paper, a copy of it as it existed before the recess.

MJ: And now the list has been changed. Is that correct?

TC: That's correct Your Honor.

MJ: And you oppose—you oppose the request of Mr. Lofton. Is that correct.

TC: That's correct Your Honor.

MJ: Do you want to be heard further Mr. Lofton?

ICC: If your Honor—I do Your Honor. I think it is one thing for a member to be challenged and the Court go below the required number and go to the Convening Authority and tell him that and he gives another name. It is quite a different thing to go[,] for the prosecutor to

have the exclusive privilege to go[,] in advance and getting (sic) many prospective names and therefore he knows information he would not know if it were done in the first way that I described. He now has information relevant to his peremptories that I don't [have] and as a matter of fairness I think we are entitled to the same information.

TC: I can moot the issue by saying that the government will not exercise [a] peremptory challenge in this case Your Honor.

ICC: I'm not sure that moots it Your Honor.

MJ: I will not require the government to make the changes in the list available to you.

ICC: Thank you Your Honor. Please note my objection.

MJ: Yes.

MJ: Anything further before we call Captain Parr?

ICC: Defense has nothing further Your Honor.

After *voir dire* examination of Captain Parr was completed, the trial counsel had no challenges for cause. The defense then challenged for cause both Captain Parr and another member, LCDR Cox. Both challenges were denied by the military judge. The trial counsel reiterated his decision not to exercise his peremptory challenge and, thereafter, the defense challenged LCDR Cox peremptorily. At that point, the Court was below the requisite three members again and the following transpired:

MJ: Very Well. I will direct the trial counsel to notify LCDR Cox he is excused from this court-martial. I'll also direct the trial counsel to—perhaps you have the name of the next individual already.

TC: Yes Your Honor, I do. The name is Lieutenant Commander Minott.

. . . .

TC: I do not have a complete voir dire questionaire on him. I do not know if he is available at this hour.

MJ: Very well. We will take our luncheon recess.

2. Copies of the original order convening the court dated 31 March 1982 and the amendment of 30 April 1982, which added Captain Parr and

ICC: If I might but (sic) on the record to safe (sic) time Your Honor. I would like to have the trial counsel [,] with request to [the] court to direct the trial counsel [,] to state how his name was arrived at.

MJ: Well, I will ask—I believe the convening authority had already advised you. Is that correct?

TC: Admiral Zumstein orally advised me that if LCDR Cox was challenged then we were to replace him with LCDR Minott.

ICC: I've asked trial counsel to state for the record whether that was the full extent of the conversation or as to whether LCDR Minott was presented as a single name by someone else for the District Commander.

MJ: Any comment with respect to that request?

TC: I would like to state that it was the District Commander's selection without any suggestion from any person present.

MJ: I'm not going to direct the trial counsel to reveal any more of the conversation.

ICC: That's sufficient for me Your Honor.

MJ: I will direct the trial counsel to make the appropriate amendment—or make sure the appropriate amendment to the convening order is presented to the court in writing.

TC: So I understand your orders Your Honor. This is as a finally assembled court or do you require—

MJ: All these may have to have amendments to the convening order. If we have them all at one time once we have a final panel we don't have to have a written change. Some point in time a written amendment is needed for the record of trial.

TC: Very well Your Honor.

MJ: Anything further before we recess for lunch?

ICC: I have nothing Your Honor.

No further challenges were exercised and the Court composed of Captain Donald L. Parr, USCG, LCDR L.D. Minott, Jr., USCG and Chief Warrant Officer Thomas W. Smith, USCG heard the case.[2]

LCDR Minott and deleted Captain Hoffer and LCDR Cox, are attached as appendices A and B.

In his first assignment of error, appellant argues that the written amendment to the original convening order signed by the convening authority on 30 April 1982 failed to include the entire list of alternate members specified by the convening authority in his oral modification. Citing *U.S. v. Ware*, 5 M.J. 24 (CMA 1978), appellant contends that the court-martial lacked jurisdiction because the oral modification of the Court "was not fully reduced to a proper written amendment to the convening order." In response, appellate government counsel asserts that "[t]here was no list of alternates added to the court. Rather the convening authority communicated information of a conditional nature ... [and] [t]he amendment dated 30 April 1982 represents all of the oral amendments made by the convening authority and announced in court in accordance with paragraph 37c(1), MCM. Therefore, there is no jurisdictional defect and appellant's assignment of error is without merit."

■ We agree with the Government's position. The alternate members, whose names were conveyed to the trial counsel by the convening authority with the apparent direction that they be added to the court one at a time each time the court fell below the statutory number, were not orally appointed to the court until that condition was met in each instance. In the case of Captain Parr and LCDR Minott the condition was met, they became orally appointed members of the court, and that oral amendment was reduced to writing and signed by the convening authority the next day. Thus, we find that the requirement for written appointment of the court has been met in this case. Accordingly, appellant's assignment of error I is rejected.

Appellant's second assignment is another matter, however. In this assignment, the accused contends that, "[t]he effect of the trial counsel's added knowledge concerning the identities of the alternate court members was to give him an unfair advantage over the defense with regard to the exercise of the peremptory challenge." He says that "[t]his advantage became evident when the trial counsel was able to state, before completion of *voir dire*, that he would not exercise his peremptory challenge." Trial counsel could do this, according to appellant, because he had "full knowledge of not only the primary court members but each of their alternates," information that the accused contends was needed by him also to properly evaluate the use of his one peremptory challenge.[3]

In stressing the importance of this right, appellant offers the following quote from the U.S. Supreme Court's decision in *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965) with emphasis added and citations omitted:

[t]he persistence of peremptories and their extensive use demonstrate the long and widely held belief that peremptory challenge is a necessary part of trial by jury.... Although "[t]here is nothing in the Constitution of the United States which requires the Congress [or the States] to grant peremptory challenges," ... nonetheless *the challenge is "one of the most important of the rights secured to the accused," ... The denial or impairment of the right is reversible error without a showing of prejudice,....*

Appellant goes on to say that, "[e]arly in its history, the Court of Military Appeals recognized the right of peremptory challenge and that failure to fully accord it is a denial of military due process. *United States v. Clay*, [1 US] C.M.A. 74, 77, 1 C.M.R. 74, 77 (1951)."

Here, the accused was certainly accorded the right of one peremptory challenge, which he exercised, but the question remains as to whether that right was abridged in some way by the trial counsel's

---

**3.** Article 41(b), UCMJ, 10 U.S.C. § 841(b) provides that with respect to members of general and special courts-martial, "[e]ach accused and the trial counsel is entitled to one peremptory challenge...." The U.S. Court of Military Appeals has interpreted this Article of the Code as not permitting additional peremptory challenges, even after appointment by the convening authority of new members to the Court. *U.S. v. Holley*, 17 M.J. 361 (CMA 1984). *But see*, Chief Judge Everett's persuasive dissent wherein he concludes, "that under Article 41(b), when the constitution of a court-martial is changed by the convening authority's addition of new members to the original panel, all parties are 'entitled' to exercise a peremptory challenge as to the added members." Id. at 374.

refusal to share with defense counsel the information concerning substitute members to which he had exclusive access. Appellant says this refusal, sanctioned by the military judge, impaired "the full exercise of a right guaranteed by the Congress to the military accused." The Government argues to the contrary, that even if this Court believes the information possessed by trial counsel could produce an unfair advantage, there was no error because trial counsel voluntarily forfeited his peremptory challenge. Furthermore, the Government asserts that there is no prejudice to the accused because, after exercising his peremptory challenge, no claim has been made that the members who heard the case were not fair and impartial.

The Government also contends that, in reality, defense counsel is asserting a right to participate in the selection of court members, a right to which he is not entitled and which is contrary to the true purpose of the peremptory challenge. In the words of Government counsel, "The defense seeks to usurp the position of the convening authority and participate in the determination of the membership of the court." With respect to the prosecution, however, the Government argues that:

> In the present case the trial counsel was not involved in the selection of the members. He was simply informed of selections personally made by the convening authority.
>
> . . . .
>
> Nor does the mere possession by the trial counsel of information to which defense counsel has no right serve as basis for granting defense access to that information. Besides representing the United States the trial counsel serves as the communications link between the court and the convening authority. 41d, 44 MCM. In fact in some cases he may become the convening authority's agent with the power to take binding action in the convening authority's name. *Satterfield v. Drew*, 17 MJ 269 (CMA 1984) Where, as here, trial counsel does not intrude into the actual selection of court members there is nothing improper or sinister in the Convening Authority informing him in advance of potential

court-members. This information allows the trial counsel to meet his responsibility to coordinate the appearance of the members at trial. 44f(2) MCM

■ We disagree with the Government's contentions. In one breath, Government counsel argues that, "trial counsel was not involved in the selection of the members," but in the next breath he says the defense counsel would be participating in that selection if provided the same information. The Government cannot have it both ways. Either trial counsel and defense counsel would both be involved in the selection process or neither would be involved through the possession of this information. We believe the latter proposition is the correct one. Mere knowledge of the convening authority's choices, even if possessed when deciding whether to exercise a right to challenge, does not make one a participant in the court member selection process.

The trial counsel's decision not to exercise his right to peremptorily challenge a member, however, was made with information not possessed by the defense. Rather than indicating no error at all, as asserted by the Government, we believe trial counsel's announcement that he would not exercise his peremptory challenge tends to confirm his advantage, as contended by appellant. Since the trial counsel was able to make this decision without benefit of *voir dire* examination of the newest member, it leaves the impression that the decision may have been based on the knowledge of who would succeed that member, if challenged. We believe the information to which trial counsel had exclusive access provided him with an unfair advantage over the defense counsel when it came to exercising the fundamental right of peremptory challenge. Indeed, the importance of this right and the importance of knowing the identity of the new court members, before exercising it, have already been recognized by another Court of Military Review. *U.S. v. Stevenson*, 19 M.J. 760 (ACMR 1984).

■ Consistent with that view, we take the position here that whenever the convening authority decides in advance who a particular new court member will be, upon successful challenge of a member already

appointed, and he conveys that information to the trial counsel before the exercise of the right to challenge, then trial counsel must, in turn, make that information known to the defense. We acknowledge the unique role of the trial counsel under the military justice system and the relationship with the convening authority required by that role. In view of this special relationship, the trial counsel is certainly not required to make known to the defense all communications from the convening authority. In the limited area presented by the facts of this case, however, the Government has an obligation to ensure equal footing to the accused. We view the information in this case in the same light as that of other information required to be made available to an accused in order to ensure a fair trial. *See generally, Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (disclosure to defense of material evidence favorable to the accused.); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); (disclosure to defense of evidence affecting the credibility of a Government witness.); *U.S. v. Webster,* 1 M.J. 216 (CMA 1975) (disclosure to the defense of grants of immunity to prosecution witnesses.); *U.S. v. Royal,* 17 M.J. 669 (ACMR 1983) (disclosure to defense of new members appointed to court-martial before the accused exercises his right to request trial by judge alone.); *U.S. v. Credit,* 2 M.J. 631 (AFCMR 1976) (disclosure to defense of certain personnel records of court members for use prior to exercising the right to challenge.)

Again, we are not saying that an accused has the right to be told in every instance who the convening authority contemplates appointing to a court-martial or even who the convening authority has already decided upon. What we are holding is that when the convening authority's decision in this regard is conveyed to the trial counsel, then, in the interest of fairness, equity and common sense, the same information must be provided to the accused. Chief Judge Everett, in his dissent in *U.S. v. Holley,*

*supra,* expressed an important thought about the application of "equity and common sense" to legal decision making. While the statement in that case was made in the context of his interpretation of Article 41(b), UCMJ, as noted earlier, we believe it is equally germane to our construction of the disclosure requirement in the instant case. Chief Judge Everett's final words in *Holley* were, "this construction makes sense 'in terms of equity and common sense.' ... That, after all, is what the law is all about." Id. at 374.

▮▮ It was error for the judge to deny the accused's request for the information held by trial counsel concerning the new court members selected by the convening authority as replacements for members who might be successfully challenged. Furthermore, in light of the important effect such information has on the meaningful exercise of the fundmental right of challenge, we believe no showing of specific prejudice by the accused is necessary. Impairment of the accused's challenge right by the denial of this information, known and available for utilization by the prosecution in the exercise of his right to challenge, rises in our view to the level of a denial of military due process. In light of this fundamental defect in the preliminary procedure of choosing the court members to hear the case, the trial and its resultant findings and sentence cannot be allowed to stand.

For the foregoing reasons, the findings and sentence are set aside and a rehearing is ordered.

Judges HOLLAND *, BRIDGMAN and BURGESS concur.

Judge REINING ** concurs in the result.

---

* Judge Holland took final action in this case prior to his retirement from the U.S. Coast Guard.

** Judge Reining took final action in this case prior to his transfer from the Court pursuant to

U.S. Coast Guard orders to a new military assignment.

## APPENDIX A

### 5812

31 March 1982

From: Commander, First Coast Guard District

To: CDR William H. NORRIS 041 36 9674, USCG

Subj: Order convening a Special Court-Martial

1. A Special Court-Martial is hereby convened. It may proceed at Boston, Massachusetts on 13 April 1982, or such other date as determined by the military judge, to try such persons as may properly be brought before it. The court will be constituted as follows:

### MILITARY JUDGE

Commander William H. NORRIS 041 36 9674, USCG, certified in accordance with Article 26(b) and previously sworn in accordance with Article 42(a).

### MEMBERS

Captain Donald L. HOFFER 031 30 2302, USCG

Lieutenant Commander Richard E. COX 440 48 1836; USCG

Chief Warrant Officer Thomas W. SMITH 025 38 8923, USCG

### COUNSEL

Lieutenant Commander James T. INGHAM, 558 64 8322, USCG, TRIAL COUNSEL certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).

Lieutenant William B. O'LEARY 024 40 0819, USCGR, DEFENSE COUNSEL certified in accordance with Article 27(b) and previously sworn in accordance with Article 42(a).

## APPENDIX B

### 5815

30 April 1982

From: Commander, First Coast Guard District

To: CDR William H. NORRIS 041 36 9674, USCG

Subj: Amendment to order convening a Special Court-Martial

Ref: (a) CCGDONE(dl) ltr 5815 dtd 31 March 1982

1. Reference (a) is hereby amended by adding Captain D.L. PARR 125 28 8383, USCG and Lieutenant Commander L.D. MINOTT, Jr. 005 44 8032, USCG, as members and deleting Captain D.L. HOFFER 031 30 2302, USCG and Lieutenant Commander R.E. COX 440 48 1836, USCG.