UNITED STATES, Appellee,

v.

Sergeant Timothy C. NEWSON, 412–19–0865, United States Army, Appellant.

ACMR 8701730.

U.S. Army Court of Military Review.

31 May 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Major Daniel J. Dell'Orto, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before ADAMKEWICZ, LYMBURNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

SMITH, Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members and, contrary to his pleas, found guilty of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 928. His sentence to reduction to

the lowest enlisted grade, confinement for three months, and a bad-conduct discharge was approved by the convening authority. Appellant alleges, *inter alia,* that the military judge committed error when he permitted trial counsel to exercise a "conditional" peremptory challenge.

Six soldiers, three officer and three enlisted, were detailed to appellant's court-martial. After extensive voir dire, no challenges for cause were lodged by either government or defense. When the military judge asked whether the government wished to make a peremptory challenge, trial counsel asked to "defer" his challenge, which would be directed at an enlisted member. His concern was that, if the defense also challenged an enlisted member, the court-martial would be one "short," i.e., would fail to have the required one-third enlisted membership. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 503(a)(2) [hereinafter M.C.M., 1984 and R.C.M., respectively]. Defense objected that the "regular practice" was for the government to make its peremptory challenge first and the procedure should be required in this case. The military judge gave the government the right to later withdraw its challenge, asked trial counsel whom he was challenging, and trial counsel replied Master Sergeant (MSG) C. Defense then used its peremptory challenge to remove another enlisted member. At that point, the judge ruled that MSG C was "back on the court" and government then removed an officer from the court-martial.

Appellant, citing *United States v. Holley,* 17 M.J. 361 (C.M.A.1984) and *United States v. Calley,* 46 C.M.R. 1131 (A.C.M.R. 1973), *affirmed,* 48 C.M.R. (C.M.A.1973), argues that, because the defense was limited to one peremptory challenge, the technique used in this case makes it possible for the government to "shield a particular member from the peremptory challenge of the accused...." Further, the defense argues that the procedure used below allowed the government to maintain a numer-

ical advantage. The government responds that, if the accused did not want MSG C to sit on his court-martial, he could have achieved that result by not challenging another enlisted member.

■ Article 41, UCMJ, 10 U.S.C. § 841, provides for one peremptory challenge per side. *See also* R.C.M. 912(g)(1). The standard procedure, as recognized by the military judge, is for the trial counsel to exercise his peremptory challenge first. *Id.* This order of challenge is not mandatory; it is one that is "ordinarily" pursued. The military judge has the authority, and the responsibility, to "ensur[e] that court-martial proceedings are conducted in a fair and orderly manner, without unnecessary delay or waste of time or resources." R.C. M. 801(a) discussion. As presiding officer, he may determine "the manner in which voir dire will be conducted and challenges made...." R.C.M. 801(a)(3) discussion. The manner and order in which peremptory challenges are exercised lies within the discretion of the military judge. *United States v. Stevenson,* 19 M.J. 760, 762 (A.C. M.R.1984). "[W]hether a peremptory challenge may be exercised at a time other than that prescribed by the trial guide, or, having once been 'waived' it may be exercised at a later date, is a matter which lies within the sound discretion of the [military judge]." *United States v. Fetch,* 17 C.M. R. 836, 844 (A.F.B.R.1954). We reject the defense argument that, by allowing the government to decide its peremptory challenge after the accused, the military judge permitted the government an improper tactical advantage in determining the final numerical composition of the court-martial.[1] Neither the defense nor the government has any right to a numerical advantage. *Fetch,* 17 C.M.R. at 844. We do not regard it as somehow unfair that the government elects not to exercise its full rights in order to proceed with the court-martial expeditiously. Thus, had the military judge below, in the exercise of his sound discretion, permitted trial counsel to exercise his peremptory challenge after the

---

1. Numerical advantages or disadvantages to either party can result from the percentage of members required to convict and sentence. *See* R.C.M. 921(c)(2) and R.C.M. 1006(d)(4).

defense had made its challenge, we would not be inclined to reverse his ruling. This case, however, involves an entirely different procedure which requires further discussion.

■ First, we note that no longer does *Holley*, 17 M.J. 361, limit an accused to one peremptory challenge in all cases. In *United States v. Carter*, 25 M.J. 471 (C.M. A.1988), although the various judges each applied a different analysis, the Court of Military Appeals made clear that, when new members are added to the court-martial panel, the defense should, upon request, generally be granted an additional peremptory challenge. *Compare* 25 M.J. at 476 (Everett, C.J.) *with* 25 M.J. at 478 (Cox, J., concurring) ("I would not make additional peremptory challenges a matter of right") *and* 25 M.J. at 479 (Sullivan, J., concurring in the result) ("I do not agree with Chief Judge Everett's opinion that a military accused, having exercised a peremptory challenge, is entitled to an additional peremptory challenge whenever a new member is added to the court"). Anything less would mean that an accused can be tried over his objection by members not subject to peremptory challenge by him. That, in fact, is precisely the same effect that obtained in this case: appellant was tried by MSG C, who was not subject to appellant's peremptory challenge. We recognize that there is some truth to the government's position that the accused, by not exercising his peremptory challenge against another enlisted member, would have indirectly challenged MSG C. We nevertheless refuse to adopt this position. An accused should not have to forego the full exercise of his rights in order to preserve those rights. To permit the procedure adopted by the military judge below would be to "countenance procedural rules which would have a 'chilling effect' on the use of [the peremptory] challenge." *Carter*, 25 M.J. at 475. Trial by court-martial is not a chess game and we will not encourage gamesmanship.[2] As Judge Cox has noted, "[t]he Government has the functional equivalent of an unlimited number of peremptory challenges." *Id.* at 478 (Cox, J., concurring). We see no reason why the government should be granted the further right to infringe upon the accused's free exercise of his peremptory challenge. Accordingly, it was error for the military judge to permit trial counsel to exercise a "conditional" peremptory challenge.

■ However, no relief is required in this case. First, defense counsel did not object to the reappearance of MSG C on the panel, did not request an additional peremptory challenge, and did not make a proffer, akin to that required to preserve a challenge for cause, that the peremptory challenge would have been used otherwise. *See, e.g., United States v. Hayden*, 17 M.J. 749 (A.C.M.R.1984). Further,

> we have considered carefully the process by which the court members were selected in order to determine if there was any indication of unfairness or bias on the part of the members who tried [the accused]. In light of the painstaking manner in which the selection process was conducted, [and] the extensive *voir dire* that was conducted, ... no need exists to reverse appellant's conviction....

*Carter*, 25 M.J. at 477.

We have considered the errors personally asserted by appellant and find them to be without merit.

---

**2.** Potential scenarios demonstrate the level of gamesmanship possible. Suppose an accused, who has lost an arguably valid challenge for cause, wishes to remove from the panel the member challenged by the government. He must, of course, use his peremptory challenge or he will lose his opportunity to contest the denial of the challenge for cause. *See* R.C.M. 912(f)(4). *See generally United States v. Harris*, 13 M.J. 288 (C.M.A.1982). But, by his use of that challenge, he may put back on the panel a member he wants even less. Or suppose, in a court-martial that is close to falling below the mandated quorum or composition, a member has a reputation as a severe sentencer. Can trial counsel "conditionally" remove him, and then sit back and let defense try to decide whether to proceed with a peremptory challenge against another member and thus end up with the one member he most wishes off the panel, or to forgo his peremptory challenge? While these hypotheticals may appear to be in the nature of a *reductio ad absurdum*, they nevertheless demonstrate the kind of games that can be played, all to the accused's potential detriment.

Upon consideration of the entire record, including the error noted above, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Senior Judge ADAMKEWICZ and Judge LYMBURNER concur.