UNITED STATES, Appellee,

v.

Timothy C. NEWSON, Sergeant, U.S. Army, Appellant.

No. 60,551.
CM 8701730.

U.S. Court of Military Appeals.

Sept. 26, 1989.

For Appellant: *Captain Harry C. Wallace, Jr.* (argued); *Lieutenant Colonel Charles A. Zimmerman, Lieutenant Colonel Russell S. Estey, Captain Brian D. Bailey* (on brief).

For Appellee: *Captain Mark E. Frye* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Kathryn F. Forrester* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Military Review affirmed. 26 MJ 719 (1988). We granted review of the following issue:

WHETHER THE COURT BELOW ERRED IN FAILING TO GRANT RELIEF AFTER HOLDING THAT THE MILITARY JUDGE ERRED BY ALLOWING TRIAL COUNSEL TO EXERCISE A CONDITIONAL PEREMPTORY CHALLENGE.

After *voir dire* of the members, counsel for both parties declined challenges for cause. The military judge then inquired of the Government whether it wished to exercise a peremptory challenge. At that point in the proceedings, there were three officers and three enlisted members on the panel, appellant having requested enlisted members. Trial counsel affirmed that the Government planned to challenge an enlisted member. However, counsel was concerned that the defense would also challenge an enlisted member, thereby reducing the enlisted membership below the necessary one-third percentage. *See* Art. 25(c), UCMJ, 10 USC § 825(c); RCM 503(a)(2), Manual for Courts–Martial, United States, 1984. Therefore, trial counsel requested permission to "defer" his challenge until after the defense had exercised its peremptory challenge.

In response, defense counsel argued "that the Government should be required to make their peremptory challenge first" and objected to any departure from "the regular practice."

The military judge apparently found the Discussion under RCM 801(a)(3) (military judge to "exercise reasonable control over the proceedings" and may determine "manner in which *voir dire* ... conducted and challenges made"), more persuasive than RCM 912(g)(1) (trial counsel ordinarily exercises peremptory challenges first). Concluding that " 'regular' is whatever I say regular is," the judge granted the Government a "peremptory challenge with the right to withdraw the challenge should we go below a quorum...." Trial counsel promptly challenged Master Sergeant Cody; the defense challenged another enlisted member. The judge then asked trial counsel, "What officer would you like to perempt since Master Sergeant Cody just went back on the court?" Trial counsel thereupon challenged an officer, leaving the membership with two officers and two enlisted.

The Court of Military Review concluded that this conditional challenge was error because it "infringe[d] upon the accused's free exercise of his peremptory challenge." In the court's view, the gravamen of the error was that appellant "was tried by MSG C[ody], who was not subject to appellant's peremptory challenge." 26 MJ at 722. The court drew on our opinion in *United States v. Carter,* 25 MJ 471 (CMA 1988), where we held that a military judge has the discretion to grant additional peremptory challenges to an accused in the interests of justice, particularly where court members are added who have not been exposed to a defense peremptory challenge. Following this rationale, the Court of Military Review concluded that the Government could not employ this innovative procedure to shield a member from

exposure to a defense peremptory challenge.

Nonetheless, the Court of Military Review affirmed the conviction, finding waiver by the defense in that

> defense counsel did not object to the reappearance of MSG C[ody] on the panel, did not request an additional peremptory challenge, and did not make a proffer, akin to that required to preserve a challenge for cause, that the peremptory challenge would have been used otherwise.

26 MJ at 722. In addition, the Court of Military Review found that the error was not materially prejudicial to any of appellant's substantial rights. *See* Art. 59(a), UCMJ, 10 USC § 859(a).

Besides *urging affirmance of the result below*, the Government seeks reversal of the holding that this challenge procedure was erroneous. The Government contends that the reason it cited for requesting deferment of the challenge—to preserve the quorum of enlisted members—was legitimate. Further, the Government argues that "[t]he order and manner in which a peremptory challenge may be exercised is a matter within the discretion of the military judge," *citing United States v. Stevenson*, 19 MJ 760, 762 (ACMR 1984); and *United States v. Fetch*, 17 CMR 836, 840–44 (AFBR 1954); RCM 801(a)(3), Discussion. Finally, the Government submits that the judge's decision should not be overturned on appeal unless his ruling is "found to be 'arbitrary, fanciful, clearly unreasonable' or 'clearly erroneous.' " *United States v. Yoakum*, 8 MJ 763, 768 (ACMR) (citations omitted), *aff'd*, 9 MJ 417 (CMA 1980).

Article 41(a), UCMJ, 10 USC § 841(a), provides that "challenges [for cause] by the trial counsel shall ordinarily be present-ed and decided before those by the accused are offered." Article 41(b) is silent as to the order of presentment of peremptory challenges; however, RCM 912(g)(1) specifies that "[o]rdinarily the trial counsel shall enter any peremptory challenge before the defense."

▮ We know of no constitutional limitations on the exercise of peremptory challenges by the Government other than that they clearly must be founded upon "racially neutral" grounds. *United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988). Thus, the sequence of challenging here was not constitutionally offensive. The question, however, is whether the circumstances were sufficiently unusual or extraordinary to warrant departure from the "ordinary" procedural rules; for just as a military judge cannot refuse a request for trial by judge alone without good cause, *United States v. Sherrod*, 26 MJ 30 (CMA 1988), he also cannot create an entirely new challenge procedure without a sound basis. Even if the judge's ruling was not arbitrary, fanciful, or clearly unreasonable, it was certainly a departure from RCM 912(g)(1).

▮ In any trial with members, there is the chance that excusals or challenges for cause may reduce the membership to the point that the exercise of more than one peremptory challenge will breach the quorum requirement. This applies to both the enlisted-membership percentage and the total number of members. Nothing in the facts of this case differs materially from situations presented every day in courts-martial around the world; and nothing in the facts warrants the procedure invented here to accommodate trial counsel's concern.[1]

---

1. Even though trial counsel only cited a desire to challenge an enlisted member if he could do so without breaching quorum, he showed no reluctance in accepting the opportunity to challenge the officer, in lieu of MSG Cody. This challenge had the effect of reducing the membership from five to four. Thus, in order to achieve the necessary two-thirds majority for conviction and sentence, trial counsel had only to convince three of four members, rather than four of five. *See* Art. 52(a)(2) and (b)(3), UCMJ, 10 USC § 852(a)(2) and (b)(3). Such tactical jockeying has become known as the "numbers game." Credence was given to this myth in *United States v. Fetch*, 17 CMR 836, 844 (AFBR 1954), where the Board of Review stated:

> There is no question that in the court-martial system the numerical composition of the court may be said to be either "favorable" or

When a prosecutor knows his peremptory challenge will give the defense an opportunity to breach quorum, he has two options. First, he can put his peremptory in his pocket and not use it. That way defense counsel cannot possibly breach quorum. After all, the members of the panel were chosen by the convening authority on the basis "of age, education, training, experience, length of service, and judicial temperament." Art. 25(d)(2). With respect to fitness to serve, trial counsel can usually make do nicely with the court members he is given. Second, if the prosecutor nevertheless feels strongly that a certain member must be removed peremptorily, he had better be prepared to do it and face whatever consequences may flow from the nominal administrative inconvenience incurred in obtaining additional members.

As we see it, the essence of the complaint was not so much that MSG Cody was insulated from defense challenge. If MSG Cody was the man the defense wanted off the panel, they could obviously have been rid of him by simply exercising no challenge. In other words, they could have let the Government make the challenge for them. At the same time, five members would have been left, and the defense would have retained whatever advantage there was to the "numbers game." [2]

As we see it, the only compromise for the defense was that they lost control over the *choice* between removing someone other than MSG Cody or controlling the numbers. Had the prosecution perempted first, the defense could have decided whether to challenge the member they did *or* whether to leave the membership at five. As for the prosecution, in addition to gaining control of the numbers, they were enabled to take a second pick once their first choice failed.

■ Because we disagree with the Court of Military Review as to the essence of the complaint, we also disagree with them as to the grounds of waiver. As we read the record, counsel's timely objection to variance from the "regular practice" and his insistence that the Government make its challenge first ordinarily would have been broad enough to encompass Cody's "reappearance" and trial counsel's second shot. However, after all the maneuvering, what basically happened was that the order of challenges was reversed. All the defense lost, in retrospect, was their option whether to challenge or to retain five members. To preserve that error, the defense should have proffered that they would not have challenged the other enlisted member if the prosecution had challenged first.

■ To be sure, we can find no justification in fact or law for the fiction of the "conditional" challenge. In addition, the reason advanced by the Government did not even justify a simple reversal of the normal order of strikes. Sanctioning a change of order based on this meager showing might quickly make the rule (RCM 912(g)(1)) the exception.

Are there circumstances which will allow a military judge to depart from the challenge procedures? Certainly the possibility has long been recognized in military jurisprudence. *See United States v. Stevenson* and *United States v. Fetch*, both *supra*. Indeed, there is no impediment to such a departure where a judge makes adequate findings on an adequate record. The term "ordinary" is sufficient to limit changes to "extraordinary" or "uncommon" circumstances.[3]

"unfavorable" to either side. This fact is unique to our system and is based on the rule that if, in the computation of the number of votes required, a fraction results, such fraction must be counted as one (Par. 74d[3], MCM, 1951). Thus, if five members are to vote, a requirement that two-thirds concur is not met unless four concur. In a close case the numerical composition of a court "favorable" to an accused could conceivably be the straw that tips the scales in his favor. The securing of a numerical advantage is a matter of trial tactics and strategy."

2. See n. 1, *supra*.

3. We do not intend to elaborate upon the meaning of "ordinary" other than to say that departures from the normal way of doing business should be predicated on extraordinary or unusual events. A military judge will recognize

Finding prejudice, however, is another matter. *See* Art. 59(a). We do not subscribe to the myth of the numbers game. There is no reason to suspect that a different mix of members would have produced results more favorable to appellant. The record establishes that the members were thoroughly qualified and suited to sit in judgment of appellant. The Court of Military Review has found that the error was not materially prejudicial to appellant's substantial rights. We see nothing in the record which causes us to disagree with this finding.

The decision of the United States Army Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring in part):

RCM 912(g)(1), Manual for Courts–Martial, United States, 1984, prescribes, "Ordinarily the trial counsel shall enter any peremptory challenge before the defense." I agree with the majority that the military judge violated this provision when he permitted trial counsel the extraordinary option of exercising his peremptory challenge after the defense, regardless that the record reflects only rather ordinary trial circumstances. Notwithstanding the judge's expression to the contrary, regular is *not* whatever he says it is. The rule

such events when he sees them and can articulate his reasons for departure on the record.

establishes the norm here, not the military judge.

However, I agree with the court below that, additionally, the judge's misstep caused a situation in which Master Sergeant Cody never was subject to peremptory challenge by appellant. It is not an answer, as the majority suggests, that, "[i]f MSG Cody was the man the defense wanted off the panel, they could obviously have been rid of him by simply exercising no challenge. In other words, they could have let the Government make the challenge for them." 29 MJ 17, 19. Tactically, the norm of RCM 912(g)(1) entitles the defense to rely upon an earlier peremptory challenge by the prosecution of a member that the defense also found undesirable and then to remove *another* member that the defense finds undesirable, too. However, where, as here, the first undesirable member suddenly is resurrected, the defense's tactical option of challenging him instead of the second member has been coopted. The practical result was that Cody fully escaped any defense opportunity of peremptory challenge. *See generally United States v. Carter*, 25 MJ 471 (CMA 1988).

However the issue is viewed, I agree that defense counsel's objection to the unusual procedure was broad enough to preserve the matter for our review. Upon that review I also agree with the majority that the error did not prejudice appellant's substantial rights.

The fact that quorum may fail by exercise of two peremptory challenges is hardly unusual.