**UNITED STATES, Appellee,**

v.

**Specialist Andre BANKS, 299–68–9752, United States Army, Appellant.**

**ACMR 8801213.**

U.S. Army Court of Military Review.

19 Oct. 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Marion E. Winter, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Lieutenant Colonel Richard A. Gallivan, JAGC, USAR (on brief).

Before KUCERA, CARMICHAEL and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

CARMICHAEL, Judge:

Contrary to his pleas before an officer-enlisted member general court-martial, appellant was convicted of three specifications of aggravated assault in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982) [hereinafter UCMJ]. The members found him not guilty of one specification of assault consummated by a battery. Appellant was sentenced to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence.

Appellate defense counsel allege that the military judge erred by limiting trial defense counsel's additional peremptory challenge to the new court member detailed by the convening authority. We disagree and find that the military judge correctly applied *United States v. Carter*, 25 M.J. 471 (C.M.A.1988), to the facts of this case.

Briefly, the pertinent facts are as follows. After an extensive *voir dire*, trial defense counsel's challenge for cause against one of the enlisted court members was granted by the military judge. The defense counsel then peremptorily struck one of the officer members. With the removal of these members, the remaining enlisted members no longer comprised one-third of the court's total membership. *See* UCMJ art. 25(c)(1), 10 U.S.C. § 825(c)(1) (if requested by an enlisted accused, enlisted members must comprise at least one-third of the total membership of a general or special court-martial). Consequently, the convening authority detailed one additional enlisted member to the court. The military judge directed counsel to *voir dire* this new member apart from the original members. He also informed counsel that they each

had an additional peremptory challenge, but they could only exercise it, if at all, against the new court member. The defense counsel objected to this procedure and identified one of the original members as being the member that appellant wanted to strike peremptorily. The defense counsel did not challenge the new member and the trial proceeded.

In allowing counsel an additional peremptory challenge and then limiting its exercise to the new member, the military judge relied on *Carter,* which he read as ensuring that an accused had "at least one clear opportunity to excuse by peremptory challenge all panel members." Our reading of *Carter* is the same as the military judge's. The rule is that an accused cannot be "tried over his objection by members not subject to peremptory challenge by him." *United States v. Newson,* 26 M.J. 719, 722 (A.C.M.R.1988), *aff'd,* 29 M.J. 17 (C.M.A.1989). Appellant was not tried by such members. The military judge, *sua sponte,* granted appellant an additional peremptory challenge exercisable against the one new member added to the court-martial. He did not err by refusing to extend this additional challenge to the original court members, all of whom previously had been subject to the exercise of appellant's single peremptory challenge. *See Carter,* 25 M.J. at 476 n. 11.

Appellant personally asserts that in light of the evidence of self-defense, the evidence is insufficient to sustain his conviction of the offenses. On the contrary, we find ample evidence in support of the government's theory that appellant was the aggressor and not acting in self-defense or defense of another. *See United States v. Teeter,* 12 M.J. 716, 722 (A.C.M.R.1981), *aff'd in part, rev'd in part on other grounds,* 16 M.J. 68 (C.M.A.1983).

The findings of guilty and the sentence are affirmed.

Senior Judge KUCERA and Judge GIUNTINI concur.