**UNITED STATES**

v.

**Lieutenant Colonel Harry G. SNYDER, Military Judge, Appellee,**

**Senior Airman Booker T. Jackson, FR 253–17–7604, Real Party In Interest.**

**Misc. Dkt. No. 90A–02.**

U.S. Air Force Court of Military Review.

14 March 1990.

Appellate Counsel for the appellant: Colonel Robert E. Giovagnoni and Major Paul H. Blackwell, Jr.

Appellate Counsel for the appellee: Colonel Richard F. O'Hair.

Before Panel Three, FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

■ Air Force Regulation 111–4, *Courts of Military Review Rules of Practice and Procedure*, Rule 21 (12 July 1985), requires the government to be prompt in filing appeals under Article 62, UCMJ, 10 U.S.C. § 862. It states:

(1) The representative of the Government designated by The Judge Advocate General shall decide whether to file the appeal with the Court of Military Review. The trial counsel shall have 20 days from the date written notice to appeal is filed with the trial Court to forward the appeal, including an original and three copies of the record of trial, to the representative of the Government designated by The Judge Advocate General. The person designated by The Judge Advocate General shall promptly file the original record with the Clerk of the Court of Military Review.

In this case the judge's adverse ruling came in the morning of 8 February 1990, and before noon on the same day, the trial counsel had filed written notice of the government's intent to appeal his ruling.

Our first encounter with this case came on 9 February 1990 when we received a Petition for Extraordinary Relief: Release From Confinement. We held that Rules for Courts–Martial 304, 305, and 707 permitted continuing a petitioner in pretrial confinement pending an appeal under R.C.M. 908 (which concerns government appeals taken under Article 62, UCMJ) as long as the original grounds for continuing pretrial confinement remain unchanged. Based on the government's statement that they were pursuing an appeal of the military judge's ruling, we denied the motion for extraordinary relief on 14 February. One of the considerations in denying petitioner's motion was that there were strict time standards for pursuing a government appeal under Article 62, UCMJ.

Our next involvement with this case came on 6 March 1990, when the Chief Appellate Government Counsel filed an unauthenticated copy of the record of trial and sought permission to substitute the

authenticated copy "without further filings" when it became available. Because the unauthenticated record was filed with us more than twenty days after ·8 February, on 6 March, we ordered the government to show cause, by 9 March, why we should not deny their appeal for "failure to promptly file the Record of Trial with the Clerk of this Court as required by Rule 21."

We have now received the government's response to our order. It consists of both a Reply to Show Cause Order and a Motion to Submit Document on 8 March. The chronology provided by the government indicates that the unauthenticated record of trial was completed on 13 February and mailed to the military judge, by express mail, on 14 February. However, we can find nothing in any of the documents submitted by the government to indicate when the record of trial was filed with the person designated by the Judge Advocate General other than an averment that "[t]he intent to appeal and three copies of the unauthenticated record of trial were forwarded to Appellate Government Counsel within the 20 days set out in the Court Rules." Neither the chronology nor the government brief indicates specifically when the unauthenticated copies were received. Since Rule 21 requires that the government's representative file the record with us "promptly", we assume that the advance copy of the record was received in the Appellate Government office shortly before it was filed with us on 6 March, even though it appears it could have been sent to them as early as 13 February. Surely if this were not the case the government would have informed us in their reply to our order to show cause. Instead, they have asserted that the government has "acted within the scope of Rule 21", and they argue that "This Court's view of promptness must then be tempered by the realities of the situation". Those realities, according to the government, are that there was a reserve military judge assigned to the case, and there was a civilian defense counsel.

· [2]  The reality the government does not mention is that Senior Airman Jackson has remained in confinement since he was placed there on 22 August 1989, despite the military judge's granting of the defense motion for dismissal based on lack of speedy trial. The military judge ruled on 8 February 1990, more than one month ago. When we are reviewing government action which results in a servicemember's loss of liberty, we require strict compliance with authorized procedures such as those in Rule 21. The right to liberty is too fundamental to apply an "almost good enough" standard to the government's actions.

We hold that the government has not shown cause why this appeal should not be dismissed for failure to comply with Rule 21. Accordingly, the government's appeal under Article 62, UCMJ, is dismissed and Airman Jackson is ordered released from confinement forthwith.

Senior Judge FORAY and Judge LEONARD concur.