**UNITED STATES, Petitioner,**

v.

**Gary L. PEARSON, 403 04 9026, Hospitalman Second Class (E–5), U.S. Navy, Respondent.**

**NMCM No. 910423C.**

U.S. Navy–Marine Corps Court of Military Review.

6 Aug. 1991.

---

LT Peter Van Hartesveldt, JAGC, USNR, Appellate Defense Counsel.

Capt Dwight H. Sullivan, USMC, Appellate Defense Counsel.

Capt Gary J.D. Dean, USMC, Individual Military Counsel.

LT David J. Gruber, JAGC, USNR, Detailed Defense Counsel.

LCDR Lawrence W. Muschamp, JAGC, USN, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and FREYER and HOLDER, JJ.

## OPINION ON MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL

MITCHELL, Senior Judge:

The United States requests this court to reconsider its ruling of 14 May 1991 wherein the Court summarily dismissed the government appeal filed on 16 March 1991. Succinctly, the progress of the case and its critical pleading activity are as follows.

On 12 January 1991, the military judge issued a ruling that is the subject of the instant appeal. On 14 January the trial counsel duly filed a notice of appeal with the trial court. *See* Article 62(a)(2), 10 U.S.C. § 862(a)(2); Rule for Courts–Martial (hereinafter R.C.M.) 908(b)(1). The original and copies of the trial record were forwarded to Appellate Government Division, Navy and Marine Corps Appellate Review Activity on 31 January 1991. The receipt of this

material was not recorded, but is conceded by the United States to have arrived earlier in the week of 7 February 1991, presumably meaning the 4th or 5th. The original record of trial was not filed with this Court until 26 February 1991. The United States filed its appeal on 15 March 1991.

On 26 March 1991, the appellee moved to dismiss the appeal on the grounds: 1) that the delay between the notice of appeal (14 January) and the filing of the record of trial at this court (26 February), some 43 days, was too long, and 2) that the notice to the trial court was deficient in content. On 2 April 1991, this Court denied the respondent's motion to dismiss. On 3 April 1991, respondent requested *en banc* reconsideration of this Court's order denying appellee's motion to dismiss. Meanwhile, this Court on its own motion undertook reconsideration, albeit not *en banc*, of its 2 April order denying appellee's motion to dismiss. Other pleadings of lesser import were subsequently filed by the parties. This Court summarily dismissed the petition of the United States on 14 May 1991.

On 3 June 1991, the United States filed the instant petition for reconsideration of this Court's 14 May order dismissing the United States' appeal. We grant the United States' motion for reconsideration, but adhere to our 14 May 1991 order dismissing the government appeal in this case.

The Uniform Code of Military Justice authorizes the United States to appeal certain rulings of a military judge suppressing or dismissing any charge. UCMJ, Article 62(a). Prior to 1984, Article 62(a) was likened to civilian statutes authorizing prosecutors to appeal certain adverse trial dismissal rulings to higher courts. *See United States v. Boehm*, 17 U.S.C.M.A. 530, 534, 38 C.M.R. 328, 332 (1968). To overcome the limitations and incongruity of the old law and to mirror the civilian practice in 18 U.S.C. § 3731, the current procedure was added to the Code in 1984. Manual for Courts–Martial, 1984, Appendix 21, Rule 908, Introduction.

█ Since prosecution appeals are statutory creatures, their life and sustenance are found in the parent statute. *United States v. Sanges*, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445 (1892). Because these statutes compete with speedy trial and double jeopardy protection as well as judicial impartiality and piecemeal appeal policies, prosecution appeals are not particularly favored in the courts. *Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 659, 7 L.Ed.2d 614, 619 (1962); *Cobbledick v. United States*, 309 U.S. 323, 326, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940); *United States v. Bitty*, 208 U.S. 393, 400, 28 S.Ct. 396, 403, 52 L.Ed. 543, 550 (1907); *United v. Wiltberger*, 18 U.S. 76, 5 Wheat 76, 5 L.Ed. 37 (1820); *United States v. Knudson*, 4 U.S.C.M.A. 587, 596, 16 C.M.R. 161 (1954) (concurring opinion). *See* Manual for Courts–Martial, 1984, Appendix 21, Rule 908, Introduction. The statutes authorizing such appeals are construed strictly against the right of the prosecution to appeal. They are not so strictly construed, however, as to defeat the intent of the legislature in authorizing the procedure. *Will; DiBella; Wiltberger; United States v. Rowe*, 13 U.S.C.M.A. 302, 311, 32 C.M.R. 302, 311 (1962); *Knudson.*

Article 62(a), Uniform Code of Military Justice (UCMJ) authorizes government appeals if notice of appeal is filed at the trial court within 72 hours of a ruling which terminates proceedings as to any charge or excludes evidence that is substantial proof of a material fact in issue. Appellate government counsel is required to diligently prosecute the appeal. Article 62(b), UCMJ provides that the appeal be forwarded to this court by means prescribed by the President where it shall be expeditiously handled in relation to this court's normal work. These provisions make clear a serious intention to minimize the impact of this appeal process on trial proceedings.

(R.C.M.) 908 implements Article 62. In pertinent part the rule provides that the service Secretary can require a representative to authorize a government appeal, that any appeal must be promptly and expeditiously forwarded to the representative, and, if an appeal is to be filed, the appeal

must be filed in accordance with the rules of the Court of Military Review.

The appellate rules for filing government appeals are promulgated by the Judge Advocates General and published in 22 MJ CXXVII. Rule 21 covers appeals by the United States. That rule affords to trial counsel 20 days from the date notice of appeal is given to the military judge to forward the appeal and the record of trial to the representative. The representative is required to promptly file the original record of trial with this court. The appeal must be filed within 20 days from the date the original record of trial is filed with this court. A delay in filing the appeal can be obtained on a good cause shown basis, but no delay in filing the original record of trial with this court is authorized.

■ The word "promptly" as used in R.C.M. 908(b)(6), relating to the gate for the trial counsel to forward the appeal package to the representative, is circumstance dependent but equates with the notion as soon as practicable. Subsection (6) Appendix 21, Analysis, MCM, R.C.M. 908, states, "No specific time limit is established, but ordinarily the matters specified [in R.C.M. 908(b)(6)] should be forwarded within one working day." The Analysis goes on to explain that this submission need not await the preparation of the record of trial as that might delay the disposition decision. The matters referred to in R.C.M. 908(b)(6) are a statement of the issues appealed, the trial record or summary thereof, and other matters prescribed by the Secretary, if any. The circumstances upon which "promptly" is dependent are patently those circumstances that interfere with or complicate the gathering and forwarding of the material. Not even preparation of a complete record is to slow this process. The Analysis is consistent in its explanation of immediacy with the tenor, purposes and concerns of Article 62. We find in our court rules a similar view of immediacy attending Rule 21(d)(1). This view was previously taken by this court in an unreported case. See United States v. Odom, No. 88–2562 M (N.M.C.M.R. Aug. 8, 1988). The view is also held by the Air

Force. See United States v. Snyder, 30 M.J. 662 (A.F.C.M.R.1990).

■ We hold that Rule 21(d)(1) requires that the original record be promptly filed with this court, meaning normally within 1 working day of receipt by the representative, unless circumstances make it impractical in which case the record must be filed as soon thereafter as is practical. We further hold that the delay in filing of the trial record is not justified by the representative's evaluation process, a matter relevant only to the decision to file or abort an appeal.

■ The importance of the prompt filing of the original trial record with the appellate court is that it facilitates expeditious review, starting the 20–day time clock for filing the appeal with the Court, and provides continuing judicial supervision over the speed of review and, hence, trial. It is a mechanism for assuring that an appropriate balancing of competing interests involved in this procedure is sedulously fostered. An appellate court that is unaware of the pendency of a government appeal until the government decides to inform the court or file the appeal affords case supervision not by the judiciary but by government counsel. Consequently, the filing date for the original record of trial is of major importance to the proper and even-handled implementation of Article 62. In light of the policies behind and the balancing of interests involved in Article 62, unaccountable government control of prosecution appeals is not tenable.

The existence of judicial supervision of government appeals in no way impinges on the discretion of the government representative to file an appeal after a record of trial is received by the representative, nor does it needlessly clog the system with futile effort. The best protection against such eventuality is designed into the delays afforded the representative to carefully consider whether the appeal should be filed at all.

■ In the instant case, the trial counsel and the command met their gates in providing notice to the military judge and for-

warding the record of trial to the representative. The original record of trial was not filed with this court, however, for more than 19 days after it was received for viability review by the representative. We find that the 19 day plus filing delay was not prompt and that no circumstances justified the later compliance with the rule. We adhere to our earlier decision in this case dismissing the appeal.

Judge FREYER concurs.

Judge HOLDER absent.