**UNITED STATES**

v.

**Staff Sergeant Danny W. COMBS, FR303–76–3522, United States Air Force.**

**Misc. Dkt. No. 93–16.**

U.S. Air Force Court of Military Review.

16 Dec. 1993.

Appellate Counsel for the Appellant: Captain Robert E. Watson (argued), Lieutenant Colonel Jay L. Cohen, and Lieutenant Colonel Frank J. Spinner.

Appellate Counsel for the United States: Lieutenant Colonel Thomas E. Schlegel (argued) and Colonel Jeffery T. Infelise.

Before SNYDER, RAICHLE, and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

RAICHLE, Senior Judge:

This case is a government appeal pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (1988). At trial, the military judge excluded evidence that was substantial proof of a fact material in the proceeding. He made this ruling on 20 July 1993, and the trial counsel gave the military judge written notice of appeal of the ruling the following day. Our first encounter with the case occurred on 24 August 1993 when the Chief Government Appellate Counsel filed an authenticated copy of the record of the proceedings with the court. Because the record was filed with us more than 20 days after 21 July 1993, *see* R.C.M. 908(b)(6); Air Force Regulation 111–4, *Courts of Military Review, Rules of Practice and Procedure,* Rule 21(d)(1) (12 Jul 1985; C1, 29 May 1986), we ordered the government to show cause why we should not deny the

appeal for failure to "promptly and by expeditious means forward the appeal to a representative of the Government designated by the Judge Advocate General." R.C.M. 908(b)(6).

We have now received responses to our order from appellate government and appellate defense counsel. We find the government has failed to comply with codal requirements and dismiss the appeal.

Based on affidavits filed by the parties, it appears the case chronology is as follows. The record of the proceedings, consisting of 77 pages, was completed and authenticated on 21 July, the same day trial counsel served the military judge with the notice of appeal. Trial counsel spent the next 2 weeks modifying and expanding a memorandum opinion on the law which accompanied the notice of intent to appeal given to the military judge and which was required to be sent to appellate government counsel by Air Force Regulation 111–1, *Military Justice Guide,* ¶ 12–20b. (30 Sep 1988; Ch 3, 3 Mar 1990).* On 4 August, trial counsel gave the record of the proceedings to the acting noncommissioned officer in charge of military justice to make the requisite number of copies. This took almost another week. Finally, on 9 August, the 19th day after service of the notice of appeal, the package containing the required documents was ready to be picked up to be sent by registered mail. Unfortunately, Information Management personnel (military administrators) refused to accept it because it was secured with the wrong type of tape, and a few more days passed before this problem was corrected. After retaping the package, they again refused to accept it because it "rattled." This problem was corrected by 13 August, but the appeal documents were not mailed until appellate government counsel sent a message inquiring about their whereabouts. The appeal documents were finally sent to appellate government counsel by express mail on 17 August, 7 days past the dead-

---

* While this Secretarial requirement for a memorandum of law from trial counsel may be helpful to appellate government counsel in preparing their brief, we do not view its preparation as a valid reason to deviate from the obvious statutory and Executive intentions that such appeals move quickly.

line, received by them on 23 August, and filed with the court on the 24th.

The issue is whether the attempted delivery of the appeal documents to administrative authorities on 9 August meets regulatory requirements. This issue involves the interpretation and interrelation of three separate provisions. Article 62, UCMJ, provides: "[A]n appeal under this section shall be diligently prosecuted by appellate government counsel." R.C.M. 908(b)(6) provides:

> Upon written notice to the military judge under subsection (b)(3) of this rule, trial counsel shall promptly and by expeditious means forward the appeal to a representative of the Government designated by the Judge Advocate General.

> Rule 21 of the Courts of Military Review Rules of Practice and Procedure provides:

> The trial counsel shall have 20 days from the date written notice to appeal is filed with the trial court to forward the appeal, including an original and three copies of the record of trial, to the representative of the Government designated by the Judge Advocate General.

Timeliness of Article 62 appeals by the government has been the subject of three service courts of review decisions. *See United States v. Snyder*, 30 M.J. 662 (A.F.C.M.R.1990) (government failed to demonstrate it acted promptly); *United States v. Bolado*, 34 M.J. 732 (N.M.C.M.R. 1991) (Rule 21 should not be interpreted to require the original record of trial to be received by the government representative within 20 days); *United States v. Pearson*, 33 M.J. 777 (N.M.C.M.R.1991) (19-day delay by government in filing the original record of trial with the court was not "prompt"). Unfortunately, none of these decisions directly address the issue in the case *sub judice*. While we agree that Rule 21 does not require that the appeal be *received* by the government representative within 20 days, it does require that it be *forwarded* within that time period.

As appellate defense counsel argue, it is hard to imagine a case where the government was better prepared to file a timely appeal than in this case. It is also hard to imagine a case where the government more clearly failed that requirement to "promptly" forward an appeal by "expeditious means." We wholeheartedly agree. As noted by the Navy–Marine Court,

> Because [prosecution appeals] statutes compete with speedy trial and double jeopardy protection as well as judicial impartiality and piecemeal appeal policies, prosecution appeals are not particularly favored in the courts.... The statutes authorizing such appeals are construed strictly against the right of the prosecution to appeal. *Pearson, supra,* at 779.

The government has failed to give us any valid reason why we should not hold it to the straightforward requirements of Article 62, UCMJ, R.C.M. 908, and Rule 21. The government failed miserably. There is simply no excuse for the easily avoidable administrative fumbles which occurred.

We hold that the government has not shown good cause why this appeal should not be dismissed for failure to promptly forward the appeal by expeditious means, R.C.M. 908(b)(6), and to file it as required by Rule 21, *see* R.C.M. 908(b)(7) ("in accordance with the rules of that court"). Accordingly, the government's appeal under Article 62, UCMJ, is

DISMISSED.

Senior Judges SNYDER and JAMES concur.