**UNITED STATES, Appellant,**

v.

**Fernando L. FLORES–GALARZA, 583–08–0384, Hull Maintenance Technician Second Class (E–5) U.S. Navy, Appellee.**

**NMCM No. 9400948.**

U.S. Navy–Marine Corps Court of Military Review.

Decided 2 Sept. 1994.

---

Lt. David K. Herlihy, JAGC, USN, Appellate Government Counsel.

Lt. Paul J. Ferdenzi, JAGC, USNR, Appellate Defense Counsel.

Lt. D. Jacques Smith, JAGC, USNR, Appellate Defense Counsel.

MOLLISON, Senior Judge:

The principal issue in this interlocutory appeal by the Government is whether the Government preserved its right of appeal by providing the military judge with timely notice of appeal, as required by Article 62, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 862 (1988), and Rule for Courts-Martial [R.C.M.] 908, Manual for Courts-

Martial, United States, 1984. We conclude the Government failed to preserve its right of appeal, and we are, therefore, precluded from considering the appeal on its merits.

*Background*

The facts are not in dispute. On 8 July 1993, the appellee's wife reported to the Family Advocacy Representative at Naval Submarine Base, Kings Bay, GA, that the appellee had engaged in child sexual abuse. The allegations were also reported to local authorities and to the Naval Criminal Investigative Service [NCIS]. NCIS agents interviewed the appellee on 16 July 1993. Following an advisement and waiver of rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Article 31(b), UCMJ,[1] the agents obtained the appellee's sworn, written confession to acts of sexual abuse of his stepdaughter and niece. The matter was then considered by the Family Advocacy Case Review Subcommittee of the Family Advocacy Program.[2] The subcommittee directed the Family Advocacy Representative to see the appellee and schedule a psycho-sexual evaluation of him for purposes of determining his suitability for acceptance into a treatment program. On 27 July 1993, the Family Advocacy Representative, a civilian, met with the appellee to explain the program to him, inform him of the recommendations of the case review subcommittee, and schedule the psycho-sexual evaluation. The Family Advocacy Representative informed the appellee that the psycho-sexual assessment would be returned to her and that it would be presented to the case review subcommittee and the Bureau of Naval Personnel to determine whether the appellee would be accepted into the program. The Family Advocacy Representative did not inform the appellee of his Article 31(b) rights, except to say that anything he told her could be and would be used against him if he were court-martialed. The appellee also signed a Family Advocacy Program Privacy Act Statement in which he acknowledged that information was being collected "pertaining to the identification, evaluation, intervention, treatment, prevention and follow-up of victims and perpetrators of abuse or neglect," and that disclosure of the information was "voluntary; however, failure to provide information may delay the provision of appropriate services." Appellate Ex. XXII. The Family Advocacy Representative then scheduled an appointment for the appellee with a civilian psychologist under contract with the Navy.[3] The appellee was evaluated by the psychologist on 28 July 1993, and the psychologist's report was provided to the Family Advocacy Representative. The report was based upon an interview and psychological testing of the appellee. The psychologist did not advise the appellee of his Article 31(b) rights; however, the appellee provided him a signed "ACKNOWLEDGEMENT OF NON–CONFIDENTIALITY AND WAIVER," in which the appellee specifically acknowledged that any information regarding a sexual offense on his part may be reported to prosecutors and law enforcement personnel. The Family Advocacy Representative apparently obtained no admissions from the appellee. On the other hand, the psychologist's written evaluation reflects that the appellee stated he had suffered blackouts in the past and owing to his consumption of alcohol did

---

1.     (b) No person subject to [the UCMJ] may interrogate, or request any statement from an accused or a person suspected of an offense without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and that any statement made by him may be used as evidence against him in a trial by court-martial.
....
(d) No statement obtained from any person in violation of this article ... may be received in

evidence against him in a trial by court-martial.
UCMJ art. 31, 10 U.S.C. § 831 (1988).

2. For a discussion of the relationship between the Family Advocacy Program and disciplinary proceedings under the UCMJ, see *United States v. Brown*, 40 M.J. 625 (N.M.C.M.R.1994); *United States v. Bledsoe*, 39 M.J. 691 (N.M.C.M.R.1993), *aff'd*, 40 M.J. 292 (C.M.A.1994).

3. The appellee was admitted into a sex-offender treatment program.

not recall the acts of child abuse.[4] It further reflects that the appellee stated he had raped his wife on numerous occasions in the past when he was drinking.

The appellee was subsequently charged *inter alia* with forcible sodomy of his wife and indecent acts with children in violation of Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925, 934 (1988), respectively. The charges were referred to trial by general court-martial. The Government intended to use the admissions to the psychologist as proof on the charge of forcible sodomy and to rebut any denial by the appellee of the child abuse. Pursuant to R.C.M. 905(b)(3), the appellee moved to suppress the testimony of the psychologist at a pretrial session of court conducted in accordance with Article 39(a), UCMJ, 10 U.S.C. § 839(a) (1988 & Supp. IV 1992), on Friday, 27 May 1994. At the conclusion of the hearing, the military judge stated that the appellee's motion to suppress was granted, however, he would give "full findings of fact and conclusions of law later." Record at 248a. He further stated that in the absence of an agency relationship between the Family Advocacy Representative or the psychologist and NCIS, there was no requirement for the representative or the psychologist to have given the appellee warnings under Article 31(b). However, the military judge further opined that an instruction of Commander, Naval Medical Command, NAVMEDCOMINST 6320.22 of 19 Jan 1989, the purpose of which was to establish guidance for the operation of the Family Advocacy Program at Medical Treatment Facilities, created "a hybrid kind of situation" whereby the Family Advocacy Representative was required to advise the appellee of his rights under Article 31(b), and since the Family Advocacy Representative had not done so, the matters later obtained by the civilian psychologist must be suppressed. In summary, he concluded the appellee's admissions to the psychologist must be suppressed because the Navy "did not follow its rules," which "were set up for the benefit of the class of people including [the appellee]...." Record at 248a–49.

The following colloquy then occurred:

TC: [T]he government would again notify the court that it is contemplating an appeal under RCM 908. As the Government understands the rule, specifically with regard to the Family Advocacy evidence, written notice of appeal is required within 72 hours. Seventy-two hours would be Monday, [30 May 1994] a holiday.

MJ: You can make it Tuesday [31 May 1994].

TC: Yes, sir.

MJ: Well, then it's more important than ever that you both give me your proposed findings of fact. And if you intend to appeal—intend to file this appeal, please file the moti—your findings of fact with the notice of appeal.

TC: Yes, sir.

MJ: And I will proceed with great vigor.

Record at 256–57.

The hearing then adjourned at 1227, Friday, 27 May 1994. The 72–hour period expired at 1227, Monday, 30 May 1994, the Memorial Day holiday.[5] The record further reflects the Government served its notice of appeal on the military judge at 1122, Tuesday, 31 May 1994. The notice recites that "[a]n electronic version of the government's notice was provided to the military judge at 1326 hours, [Monday] 30 May 1994." Thus, both forms of service were beyond the 72–hour period. Defense counsel was not asked whether he interposed an objection to the extension, nor did he voice any objection to it. There is also nothing in the record reflecting the military judge prevented his being provided with the notice of appeal within 72 hours of his ruling. The military judge authenticated the record of proceedings on 16 June 1994. That record contains extensive undated findings and conclusions appar-

---

4. The evaluation also contains opinions reflecting a lack of credibility in the appellee's claim of blackouts.

5. The Government's notice of appeal states that the military judge announced his decision at approximately "1155, 28 May 1994;" however, the record of proceedings reflects the decision was announced before adjournment at 1227, 27 May 1994. We accept the latter.

ently prepared by the military judge sometime after the hearing adjourned on 27 May 1993 and after the Government gave notice of appeal. Appellate Ex. XXXII. In his written findings and conclusions, the military judge confirms that the basis for his ruling is not Article 31(b), itself, but rather the aforementioned instruction. The military judge cited no legal authority for his conclusions.

The Government appealed to this court pursuant to Article 62 of the UCMJ and R.C.M. 908, asserting the military judge's ruling excluded evidence that is substantial proof of a material fact in the proceeding. In essence, the Government claims that there was no constitutional or statutory requirement for an Article 31(b) advisement; that the NAVMEDCOM instruction was of limited distribution and did not expand an accused's rights; that the instruction was only conservative guidance to subordinate commands as to how to satisfy rights advisement requirements otherwise provided for by law; that the Secretary of Defense directive, upon which the Family Advocacy Program and this instruction were ultimately premised, expressly disclaimed the creation of individual rights; that there is no evidence the appellee relied in any way upon the NAVMEDCOM instruction; and, that the aforementioned admissions should not have been suppressed.[6]

The military judge's ruling respecting the effect of the NAVMEDCOM instruction is a question of law and therefore subject to review by this court under Article 62. *United States v. Scholz*, 19 M.J. 837 (N.M.C.M.R. 1984). However, the appellee has erected a formidable impediment to our consideration of the merits of the matter, that is, he asserts the Government failed to give timely notice of appeal as required by Article 62, and therefore, the Government has lost its statutory right of appeal and this court is without

jurisdiction to entertain the appeal. Accordingly, the appellee moves to dismiss the Government's appeal.[7] Contrarily, the Government advances several arguments in support of its claim the notice of appeal was timely. It contends that the military judge extended the time for providing notice, that the Government relied in good faith upon the extension, that the extension was nominal and reasonable under the circumstances, and that the appellee was not prejudiced by the extension. It also contends that because the military judge announced that he would add his findings of fact and conclusions of law later, the time for filing notice of appeal did not begin to run until sometime after 27 May 1994. The appellee counters that the military judge lacked the authority to extend the statutory deadline beyond 72 hours and that it is clear from the actions of the parties that the oral ruling was intended to be the ruling of the court from which any Government appeal must be taken.

*Discussion*

Article 62 of the Code provides that a Government appeal of a ruling or order of the trial judge to this court "may not be taken unless the trial counsel provides the military judge with written notice of appeal from the order or ruling within 72 hours of the order or ruling." UCMJ art. 62(a)(2), 10 U.S.C. § 862(a)(2) (1988). R.C.M. 908, promulgated by the President pursuant to his rule-making authority under Articles 36(a) and 62(b), UCMJ, 10 U.S.C. §§ 836(a), 862(b) (1988), similarly provides that "[t]rial counsel is entitled to no more than 72 hours" to determine whether to file a notice of appeal, and "[i]f the United States elects to appeal, the trial counsel shall provide the military judge with written notice to this effect not later than 72 hours after the ruling or order." [8] *See generally United States v. Tuck-*

---

**6.** See *United States v. Bowerman*, 39 M.J. 219 (C.M.A.1994); *United States v. Raymond*, 38 M.J. 136 (C.M.A.1993); *United States v. Moreno*, 36 M.J. 107 (C.M.A.1992); *Brown*, 40 M.J. at 631 (N.M.C.M.R.1994). *Bowerman* and *Brown* were not available to the military judge at the time he made his ruling.

**7.** The appellee made several other motions to dismiss on various grounds and objected to the inclusion of certain pages in the record of pro-

ceedings. These motions have been denied and the Government's motion to attach the pages has been granted.

**8.** Article 62(a)(2) also provides that the notice of appeal "shall include a certification by the trial counsel that the appeal is not taken for the purpose of delay and (if the order or ruling appealed is one which excludes evidence) that the evidence excluded is substantial proof of a material fact in the proceedings." In addition to

*er,* 20 M.J. 52 (C.M.A.1985) (R.C.M. 908 illuminates the intent of Congress in amending Article 62 to authorize Government appeals).

■ "It has long been established that the United States cannot appeal in a criminal case without express congressional authorization." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 568, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); *see also Scholz.* "Since prosecution appeals are statutory creatures, their life and sustenance are found in the parent statute." *United States v. Pearson,* 33 M.J. 777, 779 (N.M.C.M.R.1991). "The statutes authorizing such appeals are strictly construed against the right of the prosecution to appeal," however, "[t]hey are not so strictly construed ... as to defeat the intent of the legislature in authorizing the procedure." *Id.* It is also well established that an unambiguous statute is to be applied, not interpreted. Accordingly, when no ambiguity is apparent, there is no reason to resort to rules of construction. *United States v. Davis,* 12 C.M.A. 576, 31 C.M.R. 162 (1961). This principle is applicable to the Rules for Courts–Martial, as well as the UCMJ. *See United States v. Ferguson,* 40 M.J. 823 (N.M.C.M.R.1994); *United States v. Clark,* 37 M.J. 1098 (N.M.C.M.R.1993).

■ In *United States v. Mayer,* 21 M.J. 504 (A.F.C.M.R.1985), the United States Air Force Court of Military Review addressed the same procedural issue confronting us here. It concluded:

Article 62, U.C.M.J., as amended by the Military Justice Act of 1983, allows the United States an avenue with which to seek review of certain rulings and orders made at trial by the military judge. The Article and implementing R.C.M. 908(b)

make it abundantly clear that if the Government elects to appeal a ruling or order of the military judge, the trial counsel shall provide the military judge with a written notice of election to appeal not later than 72 hours after the ruling or order. We find nothing in the pertinent statutory and Manual provisions authorizing any extension of the time to file the written notice of the election to appeal.

21 M.J. at 506. In short, the Air Force Court concluded that notice of appeal is mandatory, jurisdictional, and not subject to extension. It has been suggested, however, that if the military judge denies the Government the opportunity to file its notice of appeal, a military appeals court would not be precluded from exercising jurisdiction over the appeal. *United States v. Browers,* 20 M.J. 356, 359 n. 4 (C.M.A.1985). Accordingly, we hold that the requirement of the Government to file written notice of appeal within 72 hours under Article 62 and R.C.M. 908 is mandatory; that a military judge is without authority to extend the period of time for that notice; and, that in the absence of timely notice, a Court of Military Review is without jurisdiction to entertain a Government appeal unless the military judge has denied the Government the opportunity to provide the notice. *Cf. United States v. Hark,* 320 U.S. 531, 64 S.Ct. 359, 88 L.Ed. 290 (1944) (interpreting the Criminal Appeals Act, now 18 U.S.C. § 3731 (1988), upon which Article 62 is modeled); *Browers; United States v. Larneard,* 3 M.J. 76, 81 n. 17 (C.M.A.1977) (citing cases); *Mayer.*

■ Since Article 62 states written notice of appeal must be provided to the military judge "within 72 hours of the order or ruling," it must be determined when the mili-

---

the foregoing, R.C.M. 908(b)(3) provides that the notice of appeal "shall identify the ruling or order to be appealed and the charges and specifications affected." Finally, Navy JAGINST 5810.-2A, Military Justice Regulations, encl. (1) ¶ 1 (17 Sep 93) states that "[t]he certificate of service of the notice of appeal must reflect the date and time of the military judges's ruling or order from which the appeal is taken, and the date and time of service upon the military judge." Therefore, the notice of appeal is a simple document, requiring less than one type-written page. The notice of appeal in this case, styled "AMENDED

NOTICE OF GOVERNMENT APPEAL PURSUANT TO R.C.M. 908(b)(3)," is two pages in length. It contains expressly or by fair implication the required matters. As noted above, the date of service recited in the notice of appeal was off by 1 day. Note 5, *supra.* The content of the appeal, itself, and the requirements for its forwarding to this court are somewhat more extensive. UCMJ art. 62(b), 10 U.S.C. § 862(b) (1988); R.C.M. 908(b)(5), (6); Rule 21, Courts of Military Review Rules of Practice and Procedure, 22 M.J. CXXXVI; Navy JAGINST 5810.2A, *supra.*

tary judge made his ruling. Did he make his ruling at the 27 May 1994 hearing, or did he make his ruling sometime later, such as on 16 June 1994 when he authenticated the record with his findings and conclusions appended? If the ruling of the trial court was after 31 May 1994, did the earlier notice of appeal have any legal effect?

The military judge rules on all interlocutory questions and all questions of law raised during the court-martial. R.C.M. 801(a)(4). When required by the MCM or otherwise deemed appropriate by the military judge, interlocutory questions or questions of law are presented and decided at sessions held without the members pursuant to Article 39(a), UCMJ. R.C.M. 801(e)(1)(C), 803. The ruling by the military judge on a question of law is final, but the military judge may change a ruling made by that or another judge, except a previously granted motion for a finding of not guilty, at any time during the trial. R.C.M. 801(e)(1). All sessions involving rulings made by the military judge must be made a part of the record, and all rulings must be made in open session in the presence of the parties, except as otherwise may be determined in the discretion of the military judge. R.C.M. 801(f). Written motions for which no pretrial hearing is requested may be disposed before arraignment and without an Article 39(a) session. R.C.M. 905(h). Rulings on motions to suppress are determined before pleas are entered but may be deferred for good cause by the military judge, subject to limitations not pertinent here. "Where factual issues are involved in determining a motion, the military judge shall state the essential findings on the record." R.C.M. 905(d) & analysis; Mil.R.Evid.

304(d)(4) & analysis; *see generally United States v. Postle*, 20 M.J. 632 (N.M.C.M.R. 1985).

No form of words and no peculiar formal act are necessary to evince the ruling of a military judge. *Cf. Hark*, 320 U.S. at 534, 64 S.Ct. at 361. How rulings are entered in trials by courts-martial varies according to the circumstances of the case, local resources, and local practice. Most rulings on simple evidentiary objections are entered orally on the record at the time the objection is made. As to motions to suppress and motions *in limine*, some military judges enter their ruling and essential findings orally or in writing on the record contemporaneously. Others enter their ruling orally, followed by written essential findings.[9] In any case, in view of the Rules for Courts–Martial summarized above, divers local practices and customs, and the absence of any trial court rules before us, we cannot lay down any hard and fast rule on how rulings on suppression motions are made at trial. Instead, we must give weight to the local practice and to the intentions of the military judge as manifested by his action on the record of the particular case. *See Hark*, 320 U.S. at 534–35, 64 S.Ct. at 361; *United States v. Schaefer Brewing Co.*, 356 U.S. 227, 232, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958); *cf. United States v. Midstate Horticultural Co.*, 306 U.S. 161, 163 n. 2, 59 S.Ct. 412, 413 n. 2, 83 L.Ed. 563 (1939).

It is apparent the military judge and trial counsel viewed the military judge's announcement at the hearing on 27 May 1994 to be the ruling of the court. The military judge articulated a rationale for his ruling at the time. The military judge and trial counsel discussed the probability of a Government

---

9. One of the purposes of making essential findings is to make a record for appellate review. Essential findings are particularly important in Government appeals of interlocutory rulings inasmuch as Courts of Military Review must accept the military judge's findings of fact unless they are clearly erroneous. *E.g., Postle*. Supplemental filings can impede the expeditious filing of the Government's appeal and brief, and late additional filings by the military judge may justify granting an enlargement of time for filing the appeal with this court, or other appropriate action. *United States v. Solorio*, 21 M.J. 512, 522 (C.G.C.M.R.1985), *aff'd*, 21 M.J. 251 (C.M.A. 1986), *aff'd*, 483 U.S. 435, 107 S.Ct. 2924, 97

L.Ed.2d 364 (1987). But, by far and away the most important value of making essential findings contemporaneously with the ruling is the discipline it affords the decision maker and the integrity it brings to the decision-making process. If essential findings are prepared after the ruling, they may become nothing more than a *post hac* rationalization. Hence, the far better practice is to enter the ruling and essential findings contemporaneously. *United States v. Bubonics*, 40 M.J. 734, 738 n. 6 (N.M.C.M.R.1994). Of particular pertinence to this case, it also eliminates any doubt as to what constitutes the ruling of the court.

appeal being taken from the ruling and the fact that notice of appeal would have to be given. The notice of appeal, itself, reflects trial counsel viewed the 27 May announcement to be the ruling of the court. Accordingly, we conclude that the military judge intended, and the Government understood, his statement on the record at the conclusion of the hearing on 27 May 1994 to be the appealable ruling.

■■■ The military judge's suppression ruling was made at 1227, Friday, 27 May 1994. Under Article 62(a)(2) and R.C.M. 908(b), the Government was entitled to no more than 72 hours to provide the military judge with its written notice of appeal. Thus, the Government had until 1227, Monday, 30 May 1994 to provide notice. The military judge lacked the authority to extend the period. Neither his purported extension of the time for filing of the notice of appeal, nor his subsequent filing of written findings and conclusions prevented the Government's filing of a timely notice of appeal. When the Government filed nothing before the 72–hour period ran, it lost its statutory right of appeal, and we are without jurisdiction to entertain it. The fact that the appellee did not disabuse the Government and the military judge of their inability to extend the period for the filing of the Government's notice of appeal is of no moment. We perceive no obligation on the appellee's part to instruct the prosecution or the trial court on what the Government must do to perfect its appeal. In any case, the matter is a jurisdictional one, and jurisdictional defects in court-martial proceedings are not waived. *E.g., United States v. Wheeler,* 10 C.M.A. 646, 28 C.M.R. 212 (1959) (citing cases); *see* R.C.M. 905(e), 907(b).

The legislative history of Article 62 reflects that Congress intended to permit interlocutory appeals by the Government in courts-martial similar to that enjoyed by the Government in federal civilian criminal proceedings under the Criminal Appeals Act, 18 U.S.C. § 3731. H.Rep.No. 549, 98th Cong., 1st Sess. 16, 19–20 (1983), *reprinted in* 1983 U.S.C.C.A.N. 2177, 2181, 2184–86; S.Rep. No. 53, 98th Cong., 1st Sess. 6, 23 (1983); *see*

*also Tucker,* 20 M.J. at 53. Accordingly, it is appropriate to look to cases interpreting that Act for guidance. *Browers,* 20 M.J. at 359. In fact, the Government invites our attention to a number of them, *United States v. Miller,* 952 F.2d 866 (5th Cir.1992), *cert. denied sub nom. Huls v. United States,* — U.S. —, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992); *United States v. Crumpler,* 507 F.2d 624 (5th Cir.1975); *United States v. Kleve,* 465 F.2d 187 (8th Cir.1972); *United States v. Welsch,* 446 F.2d 220 (10th Cir.1971). Based on these decisions, the Government asserts that federal courts of appeal have unanimously held that a failure to file a certificate that resembles the notice called for under Article 62 does not amount to a jurisdictional defect. The certificate the Government refers to is a certificate filed by the United States attorney that the appeal is not taken for purposes of delay and that the excluded evidence is a substantial proof of a fact material in the proceeding. These same matters must be certified by the trial counsel in the Government's notice of appeal under Article 62.[10] The Government, however, confuses the certificate under 10 U.S.C. § 3731 with the notice of appeal filed with the district court in federal civilian prosecutions pursuant to Rules 3 and 4(b) of the Federal Rules of Appellate Procedure (Fed.R.App.P.). *See United States v. Hanks,* 24 F.3d 1235 (10th Cir.1994); *United States v. Martinez,* 681 F.2d 1248 (10th Cir.1982). The cases cited by the Government concerned the aforementioned certificate, not the notice of appeal. Whereas federal appellate courts have held an untimely filing of the certificate is not a jurisdictional defect in federal civilian criminal proceedings, they have also held that the timely filing of notice of appeal is mandatory and jurisdictional, and neither trial nor appellate courts may extend the time for filing the notice. *United States v. Sasser,* 971 F.2d 470 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993); *Martinez;* Fed.R.App.P. 25, 26(b); *see also Hanks; see United States v. Batista,* 22 F.3d 492 (2d Cir.1994); *United States v. Carter,* 990 F.2d 402 (8th Cir.1993); *United States v. Vastola,* 989 F.2d 1318, 1321 (3d Cir.1993)

**10.** Note 8, *supra.*

(citing *Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)); *United States v. Kress,* 944 F.2d 155 (3rd Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *United States v. Raynor,* 939 F.2d 191 (4th Cir.1991); *see generally United States v. Ibarra,* 502 U.S. 1, 112 S.Ct. 4, 116 L.Ed.2d 1 (1991); *Yturbide v. United States,* 63 U.S. (22 How.) 341, 16 L.Ed. 342 (1860); *United States v. Greenwood,* 974 F.2d 1449 (5th Cir.1992), *cert. denied sub nom. Crain v. United States,* — U.S. —, 113 S.Ct. 2354, 124 L.Ed.2d 262 (1993).

Though similar to 18 U.S.C. § 3731 in many ways, Article 62 differs in a number of particulars. The former grants the Government 30 days within which to appeal in federal civilian criminal proceedings. Article 62 has no time limit for Government appeals in trials by court-martial, but it requires diligent prosecution by appellate Government counsel.[11] UCMJ art. 62(a)(3), 10 U.S.C. § 862(a)(3). The time limits on the actual appeal appear in our Court Rules.[12] Rule 21, Rules of Practice and Procedure, Courts of Military Review, 22 M.J. CXXXVI; *Pearson.* Title 18, U.S.C. § 3731 makes no provision for notice of appeal; however, Fed.R.App.P. 4(b) requires the filing of a notice of appeal within 30 days. Federal Rule of Appellate Procedure 4(b) also provides that upon a showing of excusable neglect the district court may extend the time for filing a notice of appeal for a period not to exceed 30 days. There is, however, conflict in the circuits as to whether this applies to Government appeals under 18 U.S.C. § 3731. *Compare Sasser with United States v. Vastola,* 899 F.2d 211 (3d Cir.), *cert. granted and vacated on other grounds,* 497 U.S. 1001, 110 S.Ct. 3233, 111 L.Ed.2d 744 (1990) *and United States v. Rothseiden,* 680 F.2d 96 (11th Cir. 1982). Article 62 requires notice of appeal

within 72 hours. The procedural rule applicable to notices of appeal under Article 62 is R.C.M. 908. R.C.M. 908(b)(1) unequivocally provides that "trial counsel is entitled to no more than 72 hours," and no provision is made for an extension of time. Title 18, U.S.C. § 3731 provides that it "shall be liberally construed to effectuate its purposes." Article 62 has no similar provision. Finally, we note "18 U.S.C. § 3731 was not intended to produce exact parity between the Government and the defendant with respect to appellate rights; and Article 62[ ] did not have any such objective." *Browers,* 20 M.J. at 360. Accordingly, we are obliged to give effect to the plain meaning of Article 62 and R.C.M. 908 and not legislate our own exceptions to the rule.

■ We have not found it necessary to reach the question whether "the electronic version of the government's notice" satisfied Article 62. We have not been provided the electronic notice, we do know its contents, we do not know how the notice was transmitted, we do not know whether it was received by the military judge,[13] and we have not been provided with any local rules of court on the matter. Most importantly, however, the electronic transmission mentioned above was not made until after the 72–hour period had run. Had the transmission been received before that time, we would have found it appropriate to consider whether such transmission constitutes "written notice" under Article 62 and whether notice of appeal must be actual or may it be official, formal, or constructive.[14] Based on our conclusions above, we also believe it inappropriate to render an advisory opinion on the issue whether a notice of appeal has any legal effect when the notice is provided in advance of the ruling.

■ We would be remiss, however, if we did not make recommendations on how to

---

11. Likewise, R.C.M. 908 sets no specific time limits on the prosecution of the appeal. R.C.M. 908(b)(6), (7).

12. The appellee also contends that this Court's rules were violated in the prosecution of the appeal. We find that claim to be without merit.

13. The military judge stated that sometime before the hearing date he had received a brief on another motion by local area network (LAN) transmission, but he did not usually print a LAN transmission. Record at 251.

14. Neither the Code nor Rules for Courts–Martial specify how the Government's written notice of appeal is to be provided to the military judge.

avoid in future cases the procedural issue present in this case. Accordingly, we recommend the following:

(1) The military judge should enter on the record essential findings contemporaneously with his ruling on the motion;

(2) The military judge should state on the record that his action is the ruling of the court;

(3) If the military judge rules adversely to the Government on a significant matter, the military judge should ascertain on the record whether the Government is contemplating an appeal; and

(4) If the Government is contemplating an appeal, the military judge should state on the record the time of the ruling, the time the 72-hour period will run, and how and where the Government may provide the military judge written notice of appeal.

Additionally, we recommend procedures for providing notice of appeal be addressed in the uniform rules of practice [15] or local court rules and appended to the record when timeliness of notice is an issue. R.C.M. 801(b).

### Disposition

Based on the foregoing, the Government's appeal is dismissed. The record of trial is returned to the Judge Advocate General for action consistent with this ruling.

Judge CLARK and Judge McLAUGHLIN concur.

---

15. NMCTJINST 5810.5A, Navy–Marine Corps Trial Judiciary Uniform Rules of Practice (17 Dec 1990).