# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Bryan J. SULLIVAN
### Storekeeper Third Class (E-4), U.S. Coast Guard

### Docket No.  001-62-17

### 29 November 2016

General Court-Martial convened by Commander, Coast Guard Atlantic Area.  Tried at Norfolk, Virginia, on 18 April and 25-31 August 2016.  Post-trial Article 39(a) session on 16 September 2016.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LCDR Tyler J. McGill, USCG |
| Assistant Trial Counsel: | LT Catherine H. Gilmore, USCGR |
| Assistant Trial Counsel: | LCDR Amanda M. Lee, USCG |
| Defense Counsel: | LT Jason W. Roberts, USCGR |
| Assistant Defense Counsel | LT John D. Cella, JAGC USN |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |
| Appellate Defense Counsel: | LT Jason W. Roberts, USCGR |

### BEFORE
### McCLELLAND, BRUCE & JUDGE
Appellate Military Judges

McCLELLAND, Chief Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ).  Appellee was found guilty of rape of Seaman AR and two other offenses and, on 31 August 2016, was sentenced to confinement for seven years, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.  After the trial, Appellee moved for a mistrial, and on 29 September 2016, the military judge declared a mistrial.

The Government gave notice of appeal on 30 September 2016, and filed the record of trial with this Court on 14 November 2016.  The Government filed its appeal brief on the same date, 14 November 2016.  Appellee's brief is not yet due, and he has not filed a brief.

The Government argues that the military judge abused his discretion by declaring a mistrial. We disagree, as will appear.

The Government's motion to attach Appendix A, the affidavit of CDR Adler, deputy staff judge advocate for the Convening Authority, is granted. The Government's motion for oral argument is denied.

## Timeliness of Government filings

Rule 21 of the Courts of Criminal Appeals Rules of Practice and Procedure governs appeals by the Government. Rule 21(d)(1) provides, in pertinent part:

> The trial counsel shall have 20 days from the date written notice to appeal is filed with the trial court to forward the appeal . . . to the representative of the government designated by the Judge Advocate General. The person designated by the Judge Advocate General shall promptly file the original record with the Clerk to the Court . . .. Appellate government counsel shall have 20 days (or more upon a showing of good cause made by motion for enlargement within the 20 days) from the date the record is filed with the Court to file the appeal with supporting brief with the Court.

As noted above, the Government gave notice of appeal on 30 September 2016. The record was forwarded to the Judge Advocate General's representative in two parts on 4 November and 7 November 2016. (United States Appeal and Brief, Appendix A at 4.). The Government filed the record of trial with this Court on 14 November 2016. This is very far from compliance with Rule 21's requirement to forward the record in twenty days and promptly file it with this Court. As such, the Government was required by Rule 23(d) to accompany the filing of the record with a motion for leave to file out of time. No such motion was filed.

The fact that a motion for leave to file is required carries with it the distinct possibility of a denial of such a motion. In the absence of such a motion in this case, it was certainly within our power to reject the filing. In short, although we do not regard the late filing as a jurisdictional defect, we have discretion to decline to consider this appeal. *See United States v. Combs*, 38 M.J. 741 (A.F.C.M.R.), and cases cited therein.

Perhaps hastily, we accepted the filing of the record and did not hold the Government to its twenty-day obligation or its obligation to file a motion for leave to file.[1]  Although we could reconsider that acceptance, we now proceed to decide the appeal.

### Whether military judge abused discretion

Under Article 62, we act only with respect to matters of law.  We review the military judge's discretionary decisions for abuse of discretion.  We reject findings of fact only if they are clearly erroneous or not supported by the evidence.

Rule for Courts-Martial 915(a), Manual for Courts-Martial, United States (2012 ed.), provides:

> The military judge may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings.

The motion for mistrial was based on the Government's use of misleading information in Prosecution Exhibit 1, a call record from AR's mobile telephone, during closing argument.  Trial counsel argued that the twenty-four minutes between a certain event whose time was known and a certain text recorded on the call record – twenty-four minutes, during a part of which the sexual encounter must have occurred – refuted the accused's description of events in AR's barracks room and the defense argument that the admitted sexual encounter had been consensual.

After the trial, defense counsel discovered, from materials received before trial but theretofore unnoticed by all parties, that the call record showed texts in Central Time, so that the text appeared to have occurred an hour before it actually occurred in the context of all other events.[2]  Hence what appeared to have been twenty-four minutes was actually one hour and twenty-four minutes.

---

[1] Counsel would be ill-advised to rely on such grace in future cases.
[2] The events were alleged to have occurred in Cape May, New Jersey, which is in the Eastern Time Zone.  Voice telephone calls were recorded in Prosecution Exhibit 1 in Eastern Time.

There was other evidence concerning the time period, some agreeing with the short period and some clearly indicating a longer period, as well as evidence independent of AR's testimony that the sexual encounter was not consensual. However, in the military judge's view, as recorded in his Opinion and Order (Appellate Ex. 98), Prosecution Exhibit 1 "and the highly effective argument based on its false timeline probably had a significant influence" on the court members. (Appellate Ex. 98 at 4.) He concluded that a substantial doubt about the ultimate fairness of the proceedings had been raised, and that "the disfavored last-resort remedy of a mistrial best serves the interest of justice in this case." (*Id.*)

The Government's position on appeal amounts to nothing more than disagreement with the military judge's decision granting the mistrial. Disagreement with a trial judge's decision to grant a mistrial is not sufficient to show that the decision was an abuse of discretion. Accordingly, we are not persuaded that the Government has met its burden of showing that the military judge abused his discretion by granting a mistrial.

**Decision**

The Government's appeal is denied.

Judges BRUCE and JUDGE concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court